**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Jules JETTE, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 7, 2002.

Filed Feb. 24, 2003.

Aaron C. Finestone, Philadelphia, for appellant.

Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: DEL SOLE, P.J., TODD and OLSZEWSKI, JJ.

OPINION BY TODD, J.:

¶ 1 Jules Jette appeals the aggregate judgment of sentence of 10 to 20 years

incarceration followed by 12 years probation imposed following his conviction at a bench trial of involuntary deviate sexual intercourse ("IDSI"), endangering the welfare of a child, and corrupting the morals of a child.[1]  We affirm.

¶ 2 The record reveals that Jette repeatedly raped and sexually assaulted the minor victim, who was the son of his live-in girlfriend[2], during 1993 and 1994, starting when the victim was eight years old.  The record further reveals that "after [Appellant] committed these acts, which included anal penetration and oral sex including ejaculating in [the victim's] mouth, he would tell [the victim] that he would kill him if he told anyone and that nobody cared about him and they would not believe him."  (Trial Court Opinion, 5/21/02, at 2.)  The victim's mother eventually learned of the abuse in 1995 and the police began an initial investigation that subsequently was dropped.  After the police renewed their investigation, the victim told a police detective that Jette had abused him almost daily during the two-year period.  The trial court notes that at that time, the victim "described four of the worst incidents, describing generally when they occurred by month and generally what time of the year."  (Id. at 3.)

¶ 3 Represented by new counsel for this timely appeal, Jette asks this Court to consider:

    1.  Was the verdict based on insufficient evidence?

    2.  Was trial counsel ineffective for failing to move to dismiss the charges due to pre-arrest delay?

(Appellant's Brief at 4.)

¶ 4 When presented with a claim that the evidence was insufficient to sustain a conviction,

an appellate court, viewing all the evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth as the verdict winner, must determine whether the evidence was sufficient to enable the fact finder to find that all of the elements of the offenses were established beyond a reasonable doubt.

*Commonwealth v. Hawkins*, 549 Pa. 352, 366, 701 A.2d 492, 499 (1997).  Furthermore, it is axiomatic that "[t]he Commonwealth may sustain its burden by proving the crime's elements with evidence which is entirely circumstantial and the trier of fact, who determines credibility of witnesses and the weight to give the evidence produced, is free to believe all, part, or none of the evidence." *Commonwealth v. Brown*, 701 A.2d 252, 254 (Pa.Super.1997) (citations omitted).  In the case of sexual offenses, the testimony of the victim alone is sufficient to convict, and medical evidence is not required if the fact finder believes the victim. *Commonwealth v. Owens*, 437 Pa.Super. 64, 73, 649 A.2d 129, 133 (1994).

¶ 5 Jette does not argue that the Commonwealth failed to prove any element of the crimes of which he was convicted.  Instead, Appellant argues that the evidence was insufficient to support his conviction because the victim's testimony was not sufficiently specific regarding the dates of the incidents of abuse.  Appellant does not cite to any case law to support this contention, however, arguing generally that the lack of specificity violated the confrontation clauses of the Sixth Amendment to the United States Constitution and of Article I, Section 9 of the Pennsylvania Constitution.  We disagree.

---

1.  18 Pa.C.S.A. §§ 3123, 4304 and 6301, respectively.

2.  Appellant and the victim's mother were married for approximately three months during the relevant time period.

¶ 6 In considering a similar claim in *Commonwealth v. Groff,* 378 Pa.Super. 353, 548 A.2d 1237 (1988), this Court noted that pursuant to *Commonwealth v. Devlin,* 460 Pa. 508, 333 A.2d 888 (1975), "the prosecution must fix the date when an alleged offenses occurred with reasonable certainty," *Groff,* 378 Pa.Super. at 360, 548 A.2d at 1240, but cautioned as well that "the Commonwealth must be allowed a reasonable measure of flexibility when faced with the special difficulties involved in ascertaining the date of an assault upon a young child." *Id.* at 362, 548 A.2d at 1241. *See also Commonwealth v. Luktisch,* 451 Pa.Super. 500, 680 A.2d 877 (1996) (testimony which established that appellant had raped the then eleven-year-old victim during the spring of 1990 was sufficiently specific); *Commonwealth v. McClucas,* 378 Pa.Super. 202, 548 A.2d 573 (1988) (evidence was sufficient to establish that appellant raped his then eleven-year-old daughter despite her confusion regarding dates).

¶ 7 In *Groff,* this Court concluded that evidence that the appellant had sexually abused the victim once "during the summer" of the year in question was sufficiently specific because:

> When a young child is the victim of a crime, it is often impossible to ascertain the exact date when the crime occurred. He or she may have only a vague sense of the days of the week, the months of the year and the year itself. If such children are to be protected by the criminal justice system, a certain degree of imprecision concerning times and dates must be tolerated.

*Groff,* 378 Pa.Super. at 364, 548 A.2d at 1242 (citations omitted). In so concluding, this Court noted as well that "the Commonwealth would clearly prevail if appellant had been convicted of repeatedly abusing the victim during the summer of 1985. Case law has established that the Commonwealth must be afforded broad latitude when attempting to fix the date of offenses which involve a continuous course of criminal conduct." *Id.* at 363, 548 A.2d at 1242 (emphasis omitted).

¶ 8 In the present case, as noted by the trial court, the record reveals that the victim testified that Appellant sexually abused him on a continual basis for a period of approximately two years beginning when he was eight years old. Moreover, the trial court noted that the victim "described four of the worst incidents, describing generally when they occurred by month and generally what time of the year." (Trial Court Opinion, 5/21/02, at 3.) Accordingly, we affirm the trial court's holding that the evidence was sufficient to support Appellant's convictions.

■ ¶ 9 In his second issue, Appellant argues that his trial counsel provided ineffective assistance by failing to move to dismiss the charges due to pre-arrest delay.[3] To prevail on a claim of ineffective-

---

3. Before we can address this claim on the merits, we must consider the impact of our Supreme Court's recent decision in *Commonwealth v. Grant,* — Pa. —, 813 A.2d 726 (2002), in which the Court announced a general rule that an appellant "should wait to raise claims of ineffective assistance of trial counsel until collateral review." *Id.* at —, 813 A.2d at 738. The Court's rationale for this rule was its concern that an appellate court is sometimes hampered by the necessity to review such a claim on an undeveloped record. *See id.* at —, 813 A.2d at 733–737. The Court, however, did not announce a complete prohibition on consideration of ineffectiveness claims on direct review and, indeed, noted that "although the parties may rely on the old rule of law and raise ineffectiveness claims, neither party will be harmed by the application of the new rule since claims of ineffectiveness can be raised in a collateral proceeding." *Id.* at —, 813 A.2d at 738 (emphasis added). In the present case, Appellant raised his ineffective assistance claim

ness of counsel, a defendant "must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness." *Commonwealth v. Wallace,* 555 Pa. 397, 407, 724 A.2d 916, 921 (1999). It is defendant's burden to prove all three prongs of this standard. *Commonwealth v. Travaglia,* 541 Pa. 108, 118, 661 A.2d 352, 357 (1995). To sustain a claim of ineffectiveness, counsel's approach must be "so unreasonable that no competent lawyer would have chosen it." *Commonwealth v. Miller,* 494 Pa. 229, 233, 431 A.2d 233, 234 (1981). Further, if it is clear that a defendant has failed to meet the prejudice prong, the claim may be dismissed on that basis alone. *Travaglia,* 541 Pa. at 118, 661 A.2d at 357.

¶ 10 In *Commonwealth v. Scher,* 569 Pa. 284, 803 A.2d 1204 (2002), *petition for cert. denied,* 71 U.S.L.W. 3476, — U.S. —, 123 S.Ct. 1488, 155 L.Ed.2d 228 (2003), our Supreme Court clarified that:

> [I]n order to prevail on a due process claim based on pre-arrest delay, the defendant must first show that the delay caused him actual prejudice, that is, substantially impaired his or her ability to defend against the charges. The court must then examine all of the circumstances to determine the validity of the Commonwealth's reasons for the delay. Only in situations where the evidence

shows that the delay was the product of intentional, bad faith, or reckless conduct by the prosecution, however, will we find a violation of due process. Negligence in the conduct of a criminal investigation, without more, will not be sufficient to prevail on a due process claim based on pre-arrest delay.

*Id.* at 313–14, 803 A.2d at 1221–1222 (footnote omitted). In the present case, Appellant claims that he was prejudiced by the delay in prosecution because it impaired his ability to formulate an alibi defense and because "memories have faded the accuracy of [the victim's] recollection could have deteriorated by the time of trial." (Appellant's Brief at 16.)

¶ 11 The trial court held that Appellant's argument regarding his inability to prepare an alibi defense was not persuasive because "[a]libi testimony would have been difficult to formulate under any circumstances because the victim asserted that the abuse was ongoing for a period of about one and one-half years while Appellant lived in his home." (Trial Court Opinion, 5/21/02, at 5.) The trial court further notes that the delay was not extreme and that Appellant was arrested well within the statute of limitations period. On that basis, the trial court states in its opinion that had a motion to dismiss based on pre-arrest delay been raised, it would have been denied and Appellant's counsel's actions, therefore, were reasonable.[4] (*Id.* at 4–5.) We agree.

in the trial court, which addressed the claim in its opinion. Moreover, the Supreme Court's concern that appellate courts not be required to decide ineffectiveness claims on an incomplete record is not implicated in the present case. Accordingly, we will address this claim on the merits.

4. In determining this issue, the trial court applied this Court's decision in *Commonwealth v. Scher,* 732 A.2d 1278 (Pa.Super.1999) (holding that appellant was preju-

diced by 20–year delay in prosecution and that the Commonwealth's inactivity was grossly negligent), *rev'd,* 569 Pa. 284, 803 A.2d 1204 (2002), *petition for cert. denied,* 71 U.S.L.W. 3476, — U.S. —, 123 S.Ct. 1488, 155 L.Ed.2d 228 (2003). Our Supreme Court's holding in *Scher,* however, reversed on the basis that the appellant had not proven actual prejudice and further clarified, as set forth above, that negligence by the Commonwealth alone is not sufficient to constitute a

¶ 12 Appellant has neither demonstrated that he was prejudiced by his counsel's failure to move to dismiss the charges based on pre-arrest delay, nor that his counsel's approach was so unreasonable that no competent lawyer would have chosen it. Accordingly, his claim that he received ineffective assistance of counsel must fail.

¶ 13 Having discerned no error by the trial court as to either of the issues raised by Jette on appeal, we affirm his judgment of sentence.

¶ 14 Judgment of sentence **AF-FIRMED.**

due process violation. Thus, the trial court in the present case found that Appellant's claim was not sufficient when measured against the more-stringent standard later rejected by our Supreme Court. We note as well that Appellant herein does not argue in his brief that the delay was the product of "intentional, bad faith or reckless conduct by the prosecution" as required by our Supreme Court's holding in *Scher,* 569 Pa. at 312, 803 A.2d at 1221.