J-A14012-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NORMAN BENJAMIN HERRING, | |
| Appellant | No. 1354 MDA 2014 |

Appeal from the Judgment of Sentence June 30, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0003830-2013

BEFORE:  BENDER, P.J.E., JENKINS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JUNE 23, 2015**

Norman Benjamin Herring (Appellant) appeals from the June 30, 2014 judgment of sentence of 10 to 20 years' imprisonment after a jury found him guilty of involuntary deviate sexual intercourse,[1] statutory sexual assault,[2] aggravated indecent assault,[3] indecent assault,[4] unlawful contact with a minor,[5] and corruption of minors.[6]  Appellant now challenges the sufficiency

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3123(a)(7).

[2] 18 Pa.C.S. § 3122.1(a)(2).

[3] 18 Pa.C.S. § 3125(a)(8).

[4] 18 Pa.C.S. § 3126(a)(8).

[5] 18 Pa.C.S. § 6318(a)(1).
*(Footnote Continued Next Page)*

of the evidence supporting his convictions and the ruling of the trial court on his motion *in limine*. After careful review, we affirm the judgement of sentence.

We set forth a factual summary of this matter as follows:

During the summer of 2012, N.M., the victim, was 13 years old and lived with her Mother, brother, stepbrother, and stepfather. N.T., at 221-222. Mother's sister, Aunt, lived two doors down from the victim's residence. N.T., at 131. Aunt lived with her two children, her boyfriend, her boyfriend's father, and her boyfriend's brother, Appellant, who was 24 years old at the time. N.T., at 131. The two families would routinely spend time together, which is how N.M. and Appellant first met. N.T., at 132. N.M. and Appellant started communicating directly with each other online and through text messaging in the late summer of 2012. N.T., at 133.

On September 22, 2012, N.M.'s parents left her at home while the rest of the family went out. N.T., at 119. While they were out, she sent several texts inquiring into exactly when to expect the family to arrive home. N.T., at 116, 224. N.M.'s stepfather found the texts suspicious and consequently asked Aunt to go check on N.M.. N.T., at 119. Aunt testified that she saw N.M. sitting on Appellant's lap through the front window when she walked up to the house. N.T., at 224. Aunt went back to her residence and returned

*(Footnote Continued)* ————————————

[6] 18 Pa.C.S. § 6301.

to N.M.'s house with her boyfriend, Appellant's brother. N.T., at 224. Appellant's brother testified that when he approached the residence he saw Appellant and N.M. leaning in together at which time he yelled, "What the hell are you guys doing?" N.T., at 240. N.M. ran upstairs and Appellant fled out the back door. N.T., at. 240.

An investigation ensued which resulted in charges being brought against Appellant regarding alleged sexual contact with the victim. At trial, N.M. testified that she and Appellant had four different sexual encounters. The first encounter was at Appellant's residence during which time they had vaginal and anal sex. N.T., at 135-36, 163-64. The second encounter occurred in N.M.'s bedroom where they had vaginal sex. N.T., at 139. The third encounter took place at the cousin of Appellant's residence, which involved vaginal and anal sex. N.T., at 141. The final encounter occurred at N.M.'s residence at which time they had oral sex. N.T., at 143. When questioned about inconsistencies between her testimony in court and during the initial investigation, where she did not implicate Appellant, N.M. testified that she "didn't tell them what happened because [she] was scared because [she] thought that everything was [her] fault." N.T., at 185. Appellant claims that the victim fabricated the events entirely.

On March 13, 2014, at the conclusion of the trial, Appellant was found guilty and sentenced as stated above. Appellant filed a timely notice of appeal and complied with the trial court's order to file a Pa.R.A.P. 1925(b)

statement. The trial court issued its Rule 1925(a) opinion on November 6, 2014. Appellant now presents the following issues for our review:

I.  Whether the evidence submitted at trial was insufficient to support:

   a. The verdict of guilty of involuntary deviate sexual intercourse when evidence submitted at trial failed to rise to the level of proof needed to establish that [Appellant] had deviate sexual intercourse with the alleged victim;

   b. The verdict of guilty of statutory sexual assault when evidence submitted at trial failed to rise to the level of proof needed to establish that [Appellant] had sexual intercourse with the alleged victim;

   c. The verdict of guilty of aggravated indecent assault when evidence submitted at trial failed to rise to the level of proof needed to establish that [Appellant] penetrated the genitals or anus of the minor child with his finger or other body part;

   d. The verdict of guilty of indecent assault when evidence submitted at trial failed to rise to the level of proof needed to establish that [Appellant] had indecent contract with the minor child;

   e. The verdict of guilty of unlawful contract with a minor when evidence submitted at trial failed to rise to the level of proof needed to establish that [Appellant] was intentionally in contact with the alleged victim for the purpose of engaging in an unlawful contact; and,

   f. The verdict of guilty of corruption of minor when evidence submitted at trial failed to rise to the level of proof needed to establish that [Appellant] corrupted or tended to corrupt the morals of the alleged victim by having sexual contact with the alleged victim.

II.  Whether the trial court abused its discretion in denying [Appellant]'s motion to introduce evidence of the victim's past sexual conduct pursuant to 18 Pa.C.S.A. § 3104

where [Appellant] sought to introduce evidence of the alleged victim's past sexual assault:

a. When such evidence would speak to the alleged victim's bias, challenge her credibility, and establish that she had a motive to be untruthful; and

b. When such evidence had a probative value which was exculpatory to [Appellant].

Appellant's Brief, at 4.

### Sufficiency of the Evidence

Appellant presents a sufficiency of the evidence argument for each of the six offenses, however; each claim challenges the same evidence, that of intentional sexual contact between Appellant and the victim. Therefore, it is unnecessary for us to review each claim. If we find that the evidence at issue satisfies a general sufficiency analysis, *a fortiori*, each claim will be deemed sufficient.

We review Appellant's challenge to the sufficiency of the evidence under the following, well-settled standard of review:

A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Widmer*, 744 A.2d 745, 751-52 (Pa. 2000) (internal citations omitted).

The common element to all offenses in the case at bar is the sexual contact as discussed above. Appellant supports his contention that the evidence is insufficient to support the verdict as follows:

> No testimony or other evidence presented at trial corroborated [the victim]'s version of events. Her testimony was the sole evidence against Appellant for this charge. The lack of corroborating testimony by witnesses, particularly given the fact that [the victim] herself indicated such witnesses existed, brings the veracity of her entire testimony into question. Without supporting evidence to corroborate her testimony, the evidence submitted at trial is so weak and inconclusive that no reliable determination of fact could have been made.

Appellant's Brief, at 9.

Appellant articulates this argument directly regarding the first offense and incorporated by reference or similar argument in the rest. To summarize, Appellant's sufficiency argument is directed entirely to the credibility of the victim. To address the claim that the verdict should not stand on the testimony of the victim alone, we rely on this Court's well established rules regarding sexual offense victims.

> [I]t is axiomatic that "[t]he Commonwealth may sustain its burden by proving the crime's elements with evidence which is entirely circumstantial and the trier of fact, who determines credibility of witnesses and the weight to give the evidence produced, is free to believe all, part, or none of the evidence." **Commonwealth v. Brown**, 701 A.2d 252, 254 (Pa. Super. 1997) (citations omitted). In the case of sexual offenses, the testimony of the victim alone is sufficient to convict, and medical evidence is not required if the fact finder believes the victim. **Commonwealth v. Owens**, 649 A.2d 129, 133 (Pa. Super. 1994).

**Commonwealth v. Jette**, 818 A.2d 533, 534 (Pa. Super. 2003).

The Commonwealth provided several witnesses that testified as to having seen the victim and Appellant engaged in questionable behavior. Further, the victim testified that she had oral, vaginal, and anal sex with Appellant. The finder of fact was free to render a verdict based entirely on this testimony. For us to find this evidence insufficient as a matter of law, it must contravene the human experience and laws of nature. There is nothing established in the record which leads us to the conclusion that the evidence as presented is so impossible. Accordingly, when viewed in the light most favorable to the Commonwealth, as verdict winner, we find that the elements of each offense have been sufficiently established.

### *Abuse of Discretion*

We next consider Appellant's argument that the trial court abused its discretion when it found the evidence of the victim's past sexual conduct inadmissible. A day before trial, pursuant to the Rape Shield Law,[7] Appellant sought, to introduce evidence that the victim had reported a prior sexual assault. The court heard arguments on the motion, and granted it in part and denied it in part. Appellant contends that he successfully pierced the Rape Shield, and that therefore the trial court was required to grant his motion in full. We disagree.

---

[7]     18 Pa.C.S. § 3104.

When ruling on a trial court's decision to grant or deny a motion *in limine*, we apply an evidentiary abuse of discretion standard of review. **Commonwealth v. Bozyk**, 987 A.2d 753, 755–756 (Pa. Super.2009) (citations omitted). The admission of evidence is committed to the sound discretion of the trial court, and a trial court's ruling regarding the admission of evidence will not be disturbed on appeal "unless that ruling reflects 'manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous.'" **Id**. (quoting **Commonwealth v. Einhorn**, 911 A.2d 960, 972 (Pa. Super.2006)).

Initially, we note that the trial court applied the correct law in reviewing Appellant's motion under general rules of evidence, not the Rape Shield Law. We have held that if the prior sexual conduct was a prior sexual assault, then the Rape Shield Law does not apply and the evidence is evaluated under the general evidentiary rules.[8] **Commonwealth v. Fink**, 791 A.2d 1235, 1241 (Pa. Super. 2002). The court applied Pennsylvania law regarding Relevance,[9] Character Evidence,[10] and A Witness's Character for Truthfulness or Untruthfulness[11] in scrutinizing Appellant's motion.

_____

[8] The Rape Shield Law provides, in pertinent part: "Evidence of specific instances of the alleged victim's past sexual conduct… shall not be admissible… except… where consent… is at issue **and such evidence is otherwise admissible pursuant to the rules of evidence**" (emphasis added). 18 Pa.C.S. § 3104.

[9] Pa.R.E. 401.

The trial court analyzed Appellant's claim considering the following prongs of Appellant's motion:

1. The victim had been previously sexually assaulted;

2. That this was not reported;

3. That the victim's mother did not believe the victim regarding the prior sexual assault;

4. That the victim's knowledge of sexual techniques or nomenclature did not come from [Appellant].

Trial Court Opinion, 11/6/14, at 9-10.

The trial court ruled that Appellant was able to establish an alternate theory of why the victim's hymen was torn by asking the nurse about the past sexual assault. This first prong of the motion was granted and requires no analysis on appeal.

The court went on to rule that the opinion of the victim's mother failed to come in as character evidence or reputation evidence.

> Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion[.] In a criminal case, subject to limitations imposed by statute, evidence of a pertinent trait of character of the alleged victim is admissible when offered by the accused, or by the prosecution to rebut the same.

Pa.R.E. 404(a)(2)(i).

---

*(Footnote Continued)* ————————————

[10] Pa.R.E. 404(a)(2)(i).

[11] Pa.R.E. 608(b)(1).

Appellant contends that truthfulness is always a pertinent character trait of any witness. He incorrectly deduces that the opinion about the victim's truthfulness meets the exception and so is admissible under a Rule 404 analysis. Were truthfulness to be regarded as a pertinent character trait, then Appellant would not be wrong in asserting that the evidence meets the exception, however; this Court distinguishes between a pertinent character trait and general truthfulness.

> In light of the recognized interpretation of the term, we conclude that a "pertinent" character trait is limited to a character trait of the victim that is relevant to the crime or defense at issue in the case. Therefore, whenever the accused seeks to offer character evidence for purposes of attacking or supporting the credibility of a victim who testifies, the admissibility of such evidence is governed by Pa.R.E. 608 and proof of specific incidents of conduct by either cross-examination or extrinsic evidence is prohibited.

*Com. v. Minich*, 4 A.3d 1063, 1072 (Pa. Super. 2010).

Rule 608 also provides that opinion testimony about a witness's character for truthfulness or untruthfulness is not admissible. Consequently, we find no error in the trial court ruling against this second prong of the motion.

As to the third prong, the court found questions with reference to the lack of reporting to be irrelevant. Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. Pa.R.E. 401. Appellant's argument is that the evidence was relevant to establish a motive to lie or to fabricate the allegations. No reference to what the motive may

have been for the victim to lie or how the evidence would serve to support that theory is provided. That the victim did not report the prior sexual assault, without more, does not tend to prove or disprove any material fact in the case at bar. Accordingly, we find no error in the trial court's ruling on this prong.

Finally, the trial court ruled to exclude evidence of the victim's knowledge of sexual techniques and nomenclature. "Evidence of a prior sexual assault by another man is not admissible to show knowledge by the child victim of sexual techniques or nomenclature unless the evidence exonerates the defendant." *Fink*, 791 A.2d at 1241. Appellant has failed to show how exposing the victim's knowledge of sexual techniques or nomenclature would serve to exonerate him. Therefore, we conclude that the trial court did not abuse its discretion in so disposing of Appellant's motion.

Judgment of sentence **AFFIRMED**.

Judge Strassburger joins this memorandum.

Judge Jenkins concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/23/2015