J-S74033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DWAYNE EDWARDS, | |
| Appellant | No. 3492 EDA 2015 |

Appeal from the Judgment of Sentence October 16, 2015
In the Court of Common Pleas of Delaware County Criminal Division
at No(s): CP-23-CR-0000661-2015

BEFORE:  OTT, J., RANSOM, J., STEVENS, P.J.E.*

MEMORANDUM BY RANSOM, J.:                          **FILED NOVEMBER 02, 2016**

Dwayne Edwards appeals from the judgment of sentence of one to seven years' incarceration followed by three years' probation, entered on October 16, 2015.  We affirm.

This case arises out of Appellant's conviction for sexually assaulting a six year old boy ("the Victim").  **See** Trial Court Opinion, 04/12/2016, at 2-4.  The Victim was born on December 24, 2003.  **See** Notes of Testimony (N.T.), 1/29/2015, at 10.  The boy's father lived out of state.  **See id.**  The Victim and his Mother lived in an apartment between March 1, 2010, and February 28, 2011.  **See id.** at 75.  In June 2010, Appellant, a married man, met the Victim's Mother, who told him she had a son, and they began a relationship.  **See** N.T., 8/13/2015, at 16.  During this time, Appellant

_____

*Former Justice specially assigned to the Superior Court.

"frequently stayed at the apartment and for several months [Appellant] lived with the Victim and Mother." Trial Ct. Op., 4/12/2016, at 8 (citation omitted). The relationship between Appellant and Mother ended in February 2011. *See* N.T., 8/12/2015, at 73. The Victim was often sad, withdrawn, and had difficulty following instructions. *See* N.T., 12/5/2014, at 14-15; N.T., 1/29/2015, at 22.

In 2014, the ten-year-old Victim and his male step-cousin were caught engaging in "sexual contact." N.T., 8/13/2015, at 73. As a result, Mother had a serious conversation with Victim. *See* N.T., 1/29/2015, at 34. The Victim told his Mother that when he was six, Appellant assaulted him. *See id.* at 20-21. Victim testified that he did not tell his Mother sooner because Appellant said he would kill him if he told anyone. *See id.* at 34.

We adopt the following relevant facts surrounding the assaults.

> The Victim described two incidents that took place when he was six years old when the [Appellant] lived in the apartment. The Victim was in the apartment alone with the [Appellant] during the summer when his Mother went to the hairdresser. [Appellant] asked the Victim to play a game with him in the Victim's bedroom. They went to the bedroom and the [Appellant] pulled the Victim's pants down. After putting "hair gel" on his penis the [Appellant] rubbed his penis on the Victim's leg. The [Appellant] tried to turn the Victim over and the Victim told him to stop and ran away. [Mother] returned to the apartment and when she went into the bathroom [Appellant] threatened to kill the Victim if he told anyone what had happened.
>
> About two months later the Victim and [Appellant] were alone in the apartment when [Mother] went to get her nails done. [Appellant] followed the Victim into his bedroom, pushed him onto the bed, pulled the Victim's pants down and after putting hair gel on his penis, the [Appellant] put his penis in the

> Victim's "butt." The Victim was unable to get away and again, the [Appellant] threatened the Victim and instructed him not to tell anyone. The Victim testified that he did not report the incidents to his Mother because he was scared and about three years later told her what had happened when she asked him whether someone had hurt him.

Trial Ct. Op., 4/12/2016, at 8-9 (citations removed; formatting modified).

Following trial, the jury found Appellant guilty of indecent assault of a person less than thirteen years of age, corruption of minors, endangering the welfare of a child, and false imprisonment.[1] In October 2015, Appellant was sentenced to an aggregate one to seven years' incarceration, followed by three years' probation and lifetime Megan's Law registration. In November 2015, the court denied Appellant's post-trial motion for reconsideration of sentence. Appellant timely filed a notice of appeal and court-ordered Pa.R.A.P. 1925(b) statement. Appellant filed an amended Pa.R.A.P. 1925(b) statement in March 2016. The trial court issued a responsive opinion.

On appeal, Appellant raises three issues. First, he contends that the Commonwealth failed to allege the date and time of the offenses "with reasonable certainty." Appellant's Brief at 11. Second, Appellant contends the evidence was insufficient to sustain the corruption of minors charge under the subsection cited on the criminal informations sheet. *See id.* at

---

[1] Respectively, 18 Pa.C.S. §§ 3126(a)(7), 6301(a)(1)(i), 4304(a)(1), 2903(a)(1)

- 3 -

19. Third, Appellant challenges the legality of his sentence on the corruption of minors charge. ***See id.*** at 21.

First, Appellant contends that his conviction cannot stand because the Commonwealth could not affix the dates of the assaults with "reasonable certainty." Appellant's Brief at 13. Appellant maintains that such a failure violated his due process right to defend against the charges. ***Id.*** at 15.

To support his due process claim, Appellant surmises that his case is factually similar to **Commonwealth v. Devlin**, 333 A.2d 888 (Pa. 1975). In that case, the defendant was charged with sodomizing a mentally handicapped adult. ***See Devlin***, 333 A.2d at 889. The Commonwealth could not narrow down the date of the assault beyond a broad, fourteen-month period. ***See id.*** at 890. In addition, the victim's testimony was "highly uncertain and self-contradictory." ***Id.*** Based on those facts, our Supreme Court concluded that the Commonwealth's failure to specify a date hindered the defendant's ability to assert defenses and reversed the judgment of sentence. ***See id.*** at 891. In so doing, the Court adopted a "sufficient particularity" standard, requiring the Commonwealth to fix the date of an offense with "reasonable certainty" to ensure the accused's due process rights. ***Id.*** at 890 (citing **Commonwealth v. Levy**, 23 A.2d 97, 99 (Pa. Super. 1941)).

Based on **Devlin**, Appellant claims that the Commonwealth's failure to specify a date deprived him of due process and a fair trial. ***See*** Appellant's

Brief at 16. Appellant claims any leeway given by the trial court as to the date of the offense was in error. *See* Appellant's Brief at 16. We disagree.

Due process "is not reducible to a 'mathematical formula,' and the Commonwealth does not always need to prove a specific date of an alleged crime." ***Devlin***, 333 A.2d at 892. "In ***Devlin***, our Supreme Court opted for a balancing approach to resolve conflicting interests of the accused vis-à-vis the victim when it came to the specificity required to be proven as to the time-frame of the alleged crime." ***Commonwealth v. Fanelli***, 547 A.2d 1201, 1204 (Pa. Super. 1988) (*en banc*). If the date is unknown or if the offense was ongoing and the dated is not an element of the offense, the Commonwealth must prove the crime was committed "on or about any date fixed within the statute of limitations." Pa.R.Crim.P. 560(B)(3).

Moreover, "'the Commonwealth must be allowed a reasonable measure of flexibility when faced with the special difficulties involved in ascertaining the date of an assault upon a young child.'" ***Commonwealth v. Jette***, 818 A.2d 533, 535 (Pa. Super. 2003) (quoting ***Commonwealth v. Groff***, 548 A.2d 1237, 1241 (Pa. Super. 1988) (citation omitted)). "Case law has established that the Commonwealth must be afforded broad latitude when attempting to fix the date of offenses which involve a continuous course of criminal conduct." ***Groff***, 548 A.2d at 1242; ***see also Commonwealth v. Niemetz***, 422 A.2d 1369, 1373-74 (Pa. 1980) (creating a lower burden for Commonwealth for dates of ongoing abuse).

"'[T]he Commonwealth may not be required to prove a single specific date in every instance,' instead, 'any leeway permissible would vary with the nature of the crime and the age and condition of the victim balanced against the rights of the accused.'" *Commonwealth v. McClucas*, 516 A.2d 68, 71 (Pa. 1986) (quoting *Devlin*, 333 A.2d at 892). For example, abuse occurred over a five-year period, this Court afforded leeway due to the victim's age. *See McClucas*, 516 A.2d at 70-71 (holding the interests of the victim and the Commonwealth outweighed appellant's due process concerns). Similarly, this Court held the "summer months of 2001" was a sufficiently specific timeframe to satisfy due process concerns. *Commonwealth v. Brooks*, 7 A.3d 852, 857-58 (Pa. Super. 2010). This Court also afforded leeway for isolated acts over two years. *See Jette*, 818 A.2d at 533.

Contrary to Appellant's contention that he did not have sufficient notice of the dates, the Commonwealth affixed a reasonably specific date of May 1, 2010, approximately one hundred and sixty days before trial. *See* Trial Ct. Op., 4/12/2016, at 4. It is undisputed that Appellant lived with Mother during that timeframe. N.T., 8/12/2015, at 26-29, 61, 107. To the extent that Appellant conflates his due process argument to a sufficiency of the evidence claim, we hold that the victim's testimony as to two specific instances of abuse during the one-year time period when Appellant lived with Victim's mother established a reasonable timeframe to satisfy the Commonwealth's burden of proof and dispel any due process concerns. *See*

***Jette, supra; Brooks, supra***; ***see also Niemetz, supra.*** Accordingly, Appellant's argument is without merit.

Second, Appellant contends there was insufficient evidence to convict him under the subsection two of the corruption of minors statute. ***See*** Appellant's Brief at 17. The corruption of minors statute states:

**Corruption of Minors**

(1) (i) Except as provided in subparagraph (ii), whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree.
    (ii) Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 commits a felony of the third degree.

(2) Any person who knowingly aids, abets, entices or encourages a minor younger than 18 years of age to commit truancy commits a summary offense. Any person who violates this paragraph within one year of the date of a first conviction under this section commits a misdemeanor of the third degree. A conviction under this paragraph shall not, however, constitute a prohibition under section 6105 (relating to persons not to possess, use, manufacture, control, sell or transfer firearms).

18 Pa.C.S. § 6301(a).

Appellant's criminal information sheet referred to the charge of truancy under 18 Pa.C.S. § 6301 (a)(2). However, the Commonwealth contends that this is merely a "scrivenor's error … based on the technical defect of mislabeling the Corruption count." Appellee's Brief at 7. Conversely, the

Commonwealth maintains that Appellant was prosecuted for corruption of morals of a minor under § 6301(a)(1)(i) and suggests Appellant's failure to object to this "clerical discrepancy" at any point before filing his Pa.R.A.P. 1925(b) statement constitutes a waiver. *Id.* at 15-16.

Initially, we note that Appellant first raised this issue in his Pa.R.A.P. 1925(b) statement. Thus, Appellant has not properly preserved this issue for our review. We deem it waived. *See Commonwealth v. Stays,* 70 A.3d 1256, 1264 (Pa. Super. 2013); Pa.R.A.P. 302(a). It is well established that a mere defect in the criminal information standing alone does not mandate a reversal of the judgement of sentence. *See Commonwealth v. Ford*, 141 A.3d 547, 554-55 (Pa. Super. 2016) ("Even if [his claim is] not waived, the defect with the criminal information, standing alone, does not warrant relief.").

Here, the evidence adduced at trial, the trial court's instructions to the jury, and the jury's express verdict demonstrate that Appellant was fully apprised of the charges against him.[2] *See Ford*, 141 A.3d at 555.

---

[2] We note that the evidence was sufficient to establish that Appellant is guilty of corruption of minors in that he engaged in sexual conduct with the Victim. *See* 18 Pa.C.S. § 6301(a)(1)(i); *Commonwealth v. Snyder*, 870 A.2d 336, 351 (Pa. Super. 2005) ("Actions that tend to corrupt the morals of a minor are those that would offend the common sense of the community and the sense of decency, propriety and morality which most people entertain.") (citation and internal quotation marks omitted).

Finally, Appellant challenges the legality of his sentence based on the aforementioned defect in the criminal informations sheet. *See* Appellant's Brief at 21. Specifically, he claims his sentence exceeds the permissible maximum for a violation of 18 Pa.C.S. § 6301(a)(2), a third degree misdemeanor. *See id.*

"In reviewing an illegal sentence claim, '[t]he issue is a question of law and, as such, our scope of review is plenary and our standard of review is *de novo*.'" *Commonwealth v. Lomax*, 8 A.3d 1264 (Pa. Super. 2010) (quoting *Commonwealth v. Williams*, 920 A.2d 887, 889 (Pa. Super. 2007) (citation omitted)). The court's charge and the verdict sheet guide the jury's determination of whether the facts establish the elements of the crime. *See Commonwealth v. Ali*, 10 A.3d 282, 309-12 (Pa. 2010).

> Before deliberations, the court gave the following instruction:
>
> To find the Defendant guilty of this offense you must find that each of the following three elements has been proven beyond a reasonable doubt. First, that the Defendant was eighteen years or older at the time of the incident giving rise to the charge. Second, that the Victim was under 18 years of age at that time. And third, that the Defendant corrupted or tended to corrupt the morals of the Victim by the following alleged conduct. In this case contact with the Victim.

N.T., 08/14/2015, at 12-13.

Following those instructions, the jury rendered a verdict finding that Appellant had "knowingly corrupt[ed] the morals of a minor by engaging in

sexual contact with the Victim." N.T., 08/14/2015, at 13.[3]

The judge imposed a sentence for the first-degree misdemeanor charge prescribed by the statute:

> On the Corruption of Minors, which is Section 6301(a)(1), of the Criminal Code, the [Appellant]'s going to be sentenced to a term of three to 24 months, which will run consecutive with the Indecent Assault."

N.T., 10/16/2015, at 10. "A person who has been convicted of a misdemeanor may be sentenced to imprisonment for a definite term which shall be fixed by the court and shall be not more than: (1) Five years in the case of a misdemeanor of the first degree." 18 Pa.C.S. § 1104(1).

Here, it was clear that the jury instruction apprised Appellant of the charge against him at trial and that the verdict supports his sentence on the corruption of minors charge. The trial court correctly notes "[w]hile the verdict slip identified this charge as 'Count 13' it is clear from the record that the Commonwealth was proceeding on the first-degree misdemeanor." Trial Ct. Op., 04/12/2016, at 12. "[T]he evidence supported and this is the charge that was included, without objection, in the charge to the jury." *Id.*

---

[3] The verdict slip stated: "Count 13, Corruption of Minors: Did the Defendant knowingly corrupt the morals of a minor by engaging in sexual contact with the Victim?" Verdict Sheet, 08/14/2015, at 3.

(citing *Ali*, 10 A.3d at 311).[4]   We agree.   Accordingly, we discern no sentencing error.

Judgement of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 11/2/2016

---

[4] Count 12 originally charged Appellant with corruption of minors under 18 Pa.C.S. § (a)(1)(i), a first degree misdemeanor corruption charge that was inadvertently dropped during pre-trial stages instead of Count 13.  The charge was held over at the preliminary hearing.  At the beginning of the trial, the judge did not instruct the jury on § 6301(a)(2).  N.T., 08/13/2015, at 12-13.  Appellant did not object.