J-S07020-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM DAULTON | : | |
| | : | |
| Appellant | : | No. 1883 WDA 2019 |

Appeal from the PCRA Order Entered November 25, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0000263-2015

BEFORE: SHOGAN, J., DUBOW, J., and KING, J.

MEMORANDUM BY DUBOW, J.:                    **FILED: MAY 19, 2021**

Appellant, William Daulton, appeals from the November 25, 2019 Order that denied his Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. He raises numerous claims alleging ineffective assistance of trial counsel. After careful review, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

This Court previously set forth the following recitation of facts:

Briefly, the evidence presented at trial established that when C.E. [("Victim")] was 10 years old, [Appellant], her step-father, asked her to massage his back and after she did so, he placed her hand on his penis. He then pulled her into the bathroom, pushed her onto the floor, pulled down her pants and had vaginal intercourse with her. Afterwards, she was instructed not to tell her mother. The assaults continued at various times and in various rooms of the house, with the [Appellant] pulling her pants down, bending her over a chair or the washing machine and penetrating her from behind.

The family moved several times and [Victim] testified that the assaults occurred several times in each new house. At various

times in each residence, [Victim]'s younger sisters, S.G. and C.G., walked in on the assaults and saw the [Appellant] with his pants off moving back and forth against [Victim], but were too young to understand what they were seeing. At one point, C.G. told her mother what was happening, but her mother did nothing to stop the abuse. Eventually the family moved to California and [Victim], S.G., and C.G. were removed to foster care due to unrelated issues with their mother. Once in foster care, [Victim] told her foster mother what had been happening and her foster mother contacted the authorities.

***Commonwealth v. Daulton***, No. 179 WDA 2016, unpublished memorandum at 1 (Pa. Super. filed May 22, 2017) (citation omitted).

On August 13, 2015, a jury convicted Appellant of Rape of a Child, Rape by Forcible Compulsion, and related sexual offenses.[1] On September 10, 2015, the court sentenced Appellant to an aggregate term of 30 to 60 years' incarceration. This Court affirmed the Judgment of Sentence and, on October 24, 2017, our Supreme Court denied Appellant's Petition for Allowance of Appeal. ***See Daulton***, No. 179 WDA 2016, *appeal denied*, 173 A.3d 258 (Pa. 2017).

On December 4, 2017, Appellant filed a *pro se* PCRA Petition alleging ineffective assistance of trial counsel. On April 23, 2018, Appellant's court-

---

[1] The trial court granted Appellant's Motion for Judgment of Acquittal as to one count of Unlawful Contact with a Minor. Also, prior to recording the jury's verdict, the trial court *sua sponte* dismissed two counts of Involuntary Deviate Sexual Intercourse. The jury convicted Appellant of Rape of a Child, Rape by Forcible Compulsion, Unlawful Contact with Minors, Unlawful Contact with Minor – Sexual Offenses, Sexual Assault, Indecent Assault of a Person Less than 13 Years of Age, Endangering the Welfare of Children, Indecent Assault – Without the Consent of Others, and two counts of Corruption of Minors.

appointed counsel filed an Amended PCRA Petition likewise raising ineffective assistance of counsel claims.

On October 24, 2019, the PCRA court held a hearing on Appellant's Petition. The court heard testimony from Gorgetta Daulton, Appellant's mother, Heath Leff, Esq., Appellant's trial counsel, and Appellant. On November 25, 2019, the PCRA court denied Appellant's Petition.

Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

**ISSUES RAISED ON APPEAL**

Appellant raises the following issues for our review:

1. Whether the [PCRA] court erred in not ruling that [Appellant]'s trial counsel was ineffective due to failing to consult with [Appellant] about a mistrial when his mother revealed his incarceration to the jury?

2. Whether the [PCRA] court erred in not ruling that [Appellant]'s trial counsel was ineffective due to failing to properly prepare [Appellant]'s Mother to avoid referencing the fact that [Appellant] was incarcerated?

3. Whether the [PCRA] court erred in not ruling that [Appellant]'s trial counsel was ineffective due to improperly stipulating to De[t]ective Wright's qualifications, which opened the door to expert testimony without an expert opinion or a properly-qualified expert witness?

4. Whether the [PCRA] court erred in not ruling that [Appellant]'s trial counsel was ineffective due to failing to present the testimony and report of the child welfare worker and forensic examiner who interviewed [V]ictim?

5. Whether the [PCRA] court erred in not ruling that [Appellant]'s trial counsel was ineffective due to failing to introduce [V]ictim's forensic medical examination?

- 3 -

6. Whether the [PCRA] court erred in not ruling that [Appellant]'s trial counsel was ineffective due to failing to object to multiple prejudicial leading questions?

7. Whether the [PCRA] court erred in not ruling that [Appellant]'s trial counsel was ineffective due to the cumulative effect of all of the foregoing errors and omissions?

Appellant's Br. at 4-5 (some capitalization omitted).

**LEGAL ANALYSIS**

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa. Super. 2007). "Further, the PCRA court's credibility determinations are binding on this Court, where there is record support for those determinations." ***Commonwealth v. Anderson***, 995 A.2d 1184, 1189 (Pa. Super. 2010). We give no such deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012).

Appellant alleges trial counsel provided ineffective assistance. In addressing such claims, we presume counsel is effective. ***Commonwealth v. Cox***, 983 A.2d 666, 678 (Pa. 2009). To overcome this presumption, a petitioner must establish that: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable basis for his act or omission; and (3) petitioner suffered actual prejudice. ***Commonwealth v. Treiber***, 121 A.3d 435, 445 (Pa. 2015). To establish prejudice, a petitioner must demonstrate

"that there is a reasonable probability that, but for counsel's error or omission, the result of the proceeding would have been different." ***Commonwealth v. Koehler***, 36 A.3d 121, 132 (Pa. 2012) (citation omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." ***Commonwealth v. Sandusky***, 203 A.3d 1033, 1044 (Pa. Super. 2019) (citation omitted).

"If a petitioner fails to satisfy any prong of the ineffectiveness inquiry, a claim of ineffective assistance of counsel will be rejected." ***Commonwealth v. Eichinger***, 108 A.3d 821, 830-31 (Pa. 2014). Thus, "if it is clear that [an a]ppellant has not established that counsel's act or omission adversely affected the outcome of the proceedings, the claim may be dismissed on that basis alone and the court need not first determine whether the first and second prongs have been met." ***Commonwealth v. Gribble***, 863 A.2d 455, 460-61 (Pa. 2004) (citation omitted).

Importantly, it is well settled that a defendant is entitled to a fair trial, not a perfect one. ***Commonwealth v. Laird***, 119 A.3d 972, 986 (Pa. 2015). An ineffectiveness claim will not succeed where a petitioner claims, with the benefit of hindsight, that counsel could have conducted the trial differently. ***Id.*** In addition, the failure to present cumulative evidence will not support a finding of ineffective assistance of counsel where there is sufficient evidence in the record for conviction. ***Commonwealth v. Showers***, 782 A2d 1010, 1022 (Pa. Super. 2001). Finally, we are cognizant that a mistrial "is required only when an incident is of such a nature that its unavoidable effect is to

deprive the appellant of a fair and impartial trial." ***Commonwealth v. Caldwell***, 117 A.3d 763, 774 (Pa. Super. 2015) (citation omitted).

## Issues 1 and 2 – Ms. Daulton's Testimony

Appellant's first two claims of error arise from the following exchange between the Assistant District Attorney ("ADA") and Appellant's mother, Ms. Daulton, during Appellant's trial:

> Q: And would you agree with me that when [Appellant] moved to California, part of the reason he moved was he was still in the band and playing music then, correct?
>
> A: He has always been a musician, California, here, or wherever, that's right.
>
> Q: And do you agree with me that he is still a musician then? Does he still play in a band?
>
> A: **He is incarcerated so he can't play now –**
>
> Q: Before –
>
> A: But he can freelance when someone hires him, he is a promoter, and writes music also and records, yes.

N.T. Trial, 8/13/15 through 8/15/15, at 175 (emphasis added).

Appellant avers that trial counsel was ineffective for failing to consult with Appellant about a motion for mistrial after Ms. Daulton testified that Appellant was incarcerated, and that counsel was also ineffective for failing to instruct Ms. Daulton not to mention Appellant's incarceration during trial. Appellant's Br. at 15, 18. Appellant argues that he would have requested a mistrial if counsel had consulted him, and the "net effect was the denial of a fair trial." ***Id***. at 18. We disagree.

Appellant does not argue his trial counsel was ineffective for failing to make a motion for a mistrial, but rather that his counsel was ineffective for **failing to consult** with him about making a motion for a mistrial. *Id.* at 15. It is well settled that an attorney has a duty to consult with his or her client regarding important decisions, including questions of overarching defense strategy, whether to plead guilty, whether to waive a jury, whether to testify, and whether to take an appeal. *Commonwealth v. Brown*, 18 A.3d 1147, 1158 (Pa. Super. 2011). However, an attorney does not have a duty to obtain the defendant's consent to "every tactical decision." *Id*. Instantly, Appellant fails to cite any authority that requires an attorney to consult with his or her client when deciding whether to move for a mistrial and, thus, fails to demonstrate that the claim has arguable merit.

Moreover, our Supreme Court has noted, "although generally no reference may be made at trial in a criminal case to a defendant's arrest or incarceration for a previous crime, there is no rule in Pennsylvania which prohibits reference to a defendant's incarceration awaiting trial or arrest for the crimes charged." *Commonwealth v. Johnson*, 838 A.2d 663, 680 (Pa. 2003). *See Commonwealth v. Wilson*, 649 A.2d 435, 445–46 (Pa. 1994) (concluding that testimony indicating that the defendant was incarcerated prior to trial was not improper where the jury could reasonably infer that the defendant's detention was the result of the criminal acts for which the defendant was on trial).

The PCRA court considered Appellant's claims together and opined:

> [Appellant] has adduced no evidence establishing that his Mother's unsolicited statement was the result of inadequate witness preparation by his trial counsel, nor had he shown that his mother's statement deprived him of a fair and impartial trial. As it would have been apparent to jurors that [Appellant] was incarcerated upon his arrest for sexual offenses against a minor victim, any prejudicial effect of Georgetta Daulton's unsolicited statement was *de minimus*. Accordingly, [Appellant]'s claims lack merit.

PCRA Ct. Op., dated 11/30/20, at 9-10. Our review of the record supports the trial court's conclusions, and they are free of legal error. Counsel did not have an obligation to instruct Ms. Daulton to refrain from mentioning Appellant's pre-trial incarceration during her testimony, and it is unlikely that the testimony would have entitled Appellant to a mistrial. Appellant has failed to demonstrate that either claim has arguable merit or that Appellant suffered actual prejudice from counsel's alleged omissions. Accordingly, we find no abuse of the PCRA court's discretion and Appellant is not entitled to relief on his first two issues.

**Issue 3 – Stipulation to Detective Wright's Qualifications**

In his third issue, Appellant avers that trial counsel was ineffective for improperly stipulating to Detective Sylvester Wright's qualifications, which opened the door to expert testimony without an expert opinion or a properly qualified expert witness. Appellant's Br. at 22.

The Commonwealth's direct examination of Detective Wright started as follows:

Q:   How are you presently employed?

A:   Pittsburgh Police.

Q:   With what division?

A:   Sex Assault?

Q:   How long have you been employed in that capacity?

[Attorney] Leff:   Your honor, we will stipulate to the qualifications if it will save time.

[Commonwealth]:   That's fine.

N.T. Trial at 142.   When the Commonwealth began to question Detective Wright about whether, in his experience, children delay reporting sexual assault, Attorney Leff objected and indicated that the question elicited expert testimony.   N.T. Trial at 144.   The trial court responded, "I thought you stipulated to his qualifications."   *Id.*   When Attorney Leff clarified, "As to a detective, but [not] as an expert in this field[,]" the court overruled the objection and allowed Detective Wright to testify about delayed reporting in child sex abuse cases.   *Id.* at 144-45.

During the PCRA hearing, Attorney Leff testified that he had a strategic reason for stipulating to Detective Wright's experience as a police officer, and explained that he wanted to prevent the Commonwealth from bolstering Detective Wright's credibility.   *See* N.T. PCRA Hearing, 10/24/19, at 21, 23. Attorney Leff clarified that he only stipulated to Detective's Wright's training and experience, but not his qualifications as an expert.   *Id.* at 20.   Attorney Leff also testified that, in entering the stipulation, it was not his intent to allow expert testimony to be presented without a proper showing of expertise.   *Id.* at 24.   Attorney Leff recalled objecting to the expert testimony and stated, "I

remember being frustrated at what I felt was my stipulation being used against me." *Id.* at 29.

Based in part on Attorney Leff's testimony at the PCRA hearing, the PCRA court made a finding that "the stipulation was specifically related to the investigating officer's qualifications as a detective, not as an expert in child sexual assault cases." PCRA Ct. Op. at 10. The PCRA court also made a finding that Attorney Leff had a "reasonable basis for the stipulation as to the investigating officer's qualifications as a detective" and, therefore, concluded that Appellant's ineffective assistance of counsel claim failed. *Id.* at 11. Our review of the record supports the PCRA court's findings.

Appellant argues that trial counsel was ineffective because his stipulation "opened the door" to inadmissible expert testimony. As stated above, an ineffectiveness claim will not succeed where a petitioner claims, with the benefit of hindsight, that counsel could have conducted the trial differently. The PCRA court found that, at the time Attorney Leff entered into

the stipulation, he had a reasonable basis for doing so and the record supports the PCRA court's findings. Accordingly, we find no abuse of discretion.[2, 3]

## Issue 4 – Failure to Call Witnesses

In his fourth issue, Appellant avers that counsel was ineffective for failing to call as witnesses at trial the California child welfare workers who interviewed Victim and signed a Status Review Report that allegedly contained

---

[2] Appellant argues that this Court's Memorandum Opinion on direct appeal "supports the notion that trial counsel was ineffective for mishandling the 'stipulation' regarding the detective's qualifications." Appellant's Br. at 25. We disagree. In reviewing the PCRA court's decision, our scope of review is limited to "the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party." **Commonwealth v. Sam**, 952 A.2d 565, 573 (Pa. 2008) (citation omitted). We note that on direct appeal, Appellant challenged the trial court's ruling that Detective Wright could provide expert testimony. Upon review, this Court characterized the stipulation as "admittedly not the model of clarity" and upheld the trial court's finding that the stipulation qualified Detective Wright as an expert and waived any challenge to expert testimony. **Daulton**, No. 179 WDA 2016, unpublished memorandum at 9-10. In contrast, after hearing testimony from trial counsel, the PCRA court made a finding that the stipulation "was specifically related to the investigating officer's qualifications as a detective, not as an expert in child sexual assault cases." PCRA Ct. Op. at 10. We agree that Superior Court's characterization of the scope of the stipulation conflicts with the PCRA court's characterization. Our scope of review is, however, limited to whether the evidence from the PCRA hearing supports the PCRA court's findings. Our review confirms that it does. We are, therefore, constrained by our scope of review and without authority to review a finding of an earlier panel of Superior Court even where the evidence at the PCRA hearing, including the trial transcript, conflicts with that finding.

[3] Appellant also argues that trial counsel was ineffective when he failed to request an expert report pursuant to Pa.R.Crim.P. 573 and failed to "challenge the admissibility of Detective Wright's testimony under [Pa.R.E.] 702 and/or the **Frye** test." Appellant's Br. at 25-26, 27. These arguments are waived because Appellant failed to raise them in his Rule 1925(b) Statement. Pa.R.A.P. 1925(b)(4)(vii).

statements from Victim denying sexual abuse by Appellant. Appellant's Br. at 31, 35.

"To be entitled to relief on a claim of ineffectiveness for failure to call a witness, an appellant must demonstrate that: the witness existed, was available, and willing to cooperate; counsel knew or should have known of the witness; and the absence of the witness's testimony prejudiced the appellant." **Commonwealth v. Johnson**, 139 A.3d 1257, 1284 (Pa. 2016) (citations omitted). To establish prejudice, a petition must show that the missing testimony "would have been beneficial under the circumstances of the case." **Commonwealth v. Sneed**, 45 A.3d 1096, 1109 (Pa. 2012) (citation omitted). A claim will not succeed if the proposed witness's testimony "would not have materially aided" the defendant. **Commonwealth v. Baumhammers**, 92 A.3d 708, 725 (Pa. 2014).

In his PCRA Petition, Appellant did not provide the specific name of the child welfare worker that trial counsel failed to call as a witness at trial. PCRA Petition, filed 4/23/18, at ¶¶83-86. During the PCRA hearing, Appellant testified that Mishi Wasse was a child welfare worker from California who authored the Status Review Report, and that she was present in the courtroom during his trial and gave him a picture of his daughter. **See** N.T. PCRA Hearing at 49-50. Attorney Leff testified that both Mishi Wasse and Teresa Jones authored the Status Review Report and that he remembered learning in the middle of the trial that "either Mishi Wasse or Teresa Jones" was sitting in the back of the courtroom. **Id**. at 27. Appellant argues that this testimony from

Appellant and Attorney Leff establishes that Ms. Wasse existed, was available and willing to cooperate, that trial counsel knew about Ms. Wasse, and the absence of Ms. Wasse's testimony prejudiced Appellant. Appellant's Br. at 34.

The PCRA court emphasized that Appellant failed to identify the child welfare worker in his PCRA Petition, and that Appellant failed to establish prejudice, opining:

> [Appellant] failed to specifically identify the child welfare worker . . . nor did he show how the testimony of these witnesses would have advanced his case. As such, [Appellant] failed to make the requisite showing that his trial counsel's failure to call the out-of-state witnesses prejudiced him so as to deny him a fair trial. This claim is therefore without merit.

PCRA Ct. Op. at 11. Our review of the record supports the PCRA court's findings. Thus, we find no abuse of discretion.

## Issue 5 – Forensic Medical Examination Report

In his fifth issue, Appellant avers that trial counsel was ineffective for failing to introduce Victim's forensic medical examination report into evidence as a business record or through a witness who could have authenticated it. Appellant's Br. at 35. Appellant argues that the "forensic medical examination states, among other things, that upon examination [V]ictim's hymen was found to be 'within normal limits,' and that [V]ictim's 'anal-genital findings'

were otherwise normal." Appellant's Br. at 35-36 (citing D.E. 40, Exhibit A, p. 6.)[4]

In determining that Appellant's claim lacked merit, the PCRA emphasized that Victim's testimony alone was sufficient to convict Appellant:

> In sexual offense cases, the testimony of the victim alone is sufficient to convict a defendant, and medical evidence is not required if the finder of fact believes the victim's testimony. **Commonwealth v. Jette**, 818 A.2d 533, 534 (Pa. Super. 2003) **Commonwealth v. Owens**, 649 A.2d 129, 133 (Pa. Super. 1994). In the instant matter, the jury heard testimony from [V]ictim and determined that this testimony was sufficient to convict [Appellant] on all counts. As such, [Appellant]'s assertion that his counsel was ineffective for failing to introduce [V]ictim's forensic medical examination is without merit.

PCRA Ct. Op. at 8.

Our review of the record reveals that the forensic medical exam report is not exculpatory on its face. The report contains a "Findings and Interpretation" section which concludes that the exam was "normal," "consistent with history," and that the examiner "can neither confirm nor negate sexual abuse." Exhibit A, p. 6.

We agree with the PCRA court that Victim's testimony was sufficient to convict Appellant of the aforementioned crimes. Appellant failed to present any evidence to demonstrate how the introduction of this non-exculpatory report into evidence would have bolstered Appellant's defense or changed the

---

[4] Appellant also argues that trial counsel was ineffective when he attempted to cross-examine Victim with the forensic medical examination report which victim did not author. Appellant's Br. at 36. This argument is waived because Appellant failed to raise it in his Rule 1925(b) Statement. Pa.R.A.P. 1925(b)(4)(vii).

outcome of the trial. Accordingly, Appellant failed to prove that his claim had arguable merit and that he suffered actual prejudice from the omission of the report.

**Issue 6 – Failure to Object to Leading Questions**

Appellant next avers that trial counsel was ineffective for failing to object to multiple prejudicial leading questions. Appellant's Br. at 39. Appellant argues that counsel's failure to object had no reasonable, strategic basis, and Appellant was prejudiced when counsel allowed highly prejudicial and inadmissible evidence to be considered by the jury. *Id*. at 41.

Our Supreme Court has explained, "[t]he rule that a party calling a witness is not permitted to ask leading questions is to be liberally construed in modern practice, with a large measure of discretion in the court to permit parties to elicit any material truth without regard to the technical considerations of who called the witness. ***Commonwealth v. Chambers***, 599 A.2d 630, 640 (Pa. 1991) (citations omitted). Moreover, "[i]t is a discretion not susceptible of exactly defined limits [beforehand], but to be exercised in the interests of justice and a fair trial under the circumstances as they arise." *Id*. (citations omitted).

During the PCRA hearing, Attorney Leff explained that he sometimes had a strategic reason for not objecting to leading questions during jury trials:

> If this trial were anything like any other jury trial of any sex offender jury [case] I've ever had in Judge McDaniel's courtroom, my objections were always met not with just an overruling or a sustaining but sometimes palpable disdain from the judge, which I think sometimes jurors can pick up on. This may just be my

opinion, but there are times where I felt as I'm trying a case that an objection would not help my client. If you're asking with specificity do I remember feeling that was in this trial, I probably did at several points.

N.T. PCRA Hearing at 17-18.

The PCRA court emphasized that trial counsel made numerous objections to the Commonwealth's leading questions during Appellant's jury trial, and the trial court sustained many of them. PCRA Ct. Op. at 10. The PCRA court found that trial counsel employed a reasonable trial strategy when choosing whether to object and "it was not unreasonable for trial counsel to refrain from making repeated objections during the Commonwealth's case-in-chief." *Id*. Accordingly, the PCRA court found that this claim lacked merit. *Id*. We agree and find no abuse of discretion.

## Issue 7 – Cumulative Effect of Trial Counsel's Errors

Finally, Appellant avers that the cumulative effect of all of trial counsel's errors denied him the right to effective assistance of counsel and caused him prejudice. Appellant's Br. at 43-44.

"We have often held that no number of failed claims may collectively warrant relief if they fail to do so individually." *Commonwealth v. Spotz*, 18 A.3d 244, 321 (Pa. 2011) (citation and quotation marks omitted). "However, we have clarified that this principle applies to claims that fail because of lack of merit or arguable merit." *Id.* "When the failure of individual claims is grounded in lack of prejudice, then the cumulative prejudice from those individual claims may properly be assessed." *Id.*

- 16 -

Notably, a bald averment of cumulative prejudice does not entitle a petitioner to relief. *Commonwealth v. Hutchinson*, 25 A.3d 277, 319 (Pa. 2011). "Where a claimant has failed to prove prejudice as the result of any individual errors, he cannot prevail on a cumulative effect claim unless he demonstrates how the particular cumulation requires a different analysis." *Id.* at 318-19 (citations omitted). "[N]othing in our precedent relieves an appellant who claims cumulative prejudice from setting forth a specific, reasoned, and legally and factually supported argument for the claim." *Id.* at 319 (citations omitted).

In his Brief, Appellant repeats his six claims of ineffective assistance of counsel and baldly avers that, in sum, they constitute prejudice. Appellant's bald averment, without more, does not entitle him to relief.

**CONCLUSION**

In sum, the record supports the PCRA court's findings and its Order is otherwise free of legal error. Accordingly, we find no abuse of discretion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/19/2021