Commonwealth, Appellant, *v.* Albanesi.

Argued November 15, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Louis R. Paulick,* Assistant District Attorney, with him *Robert L. Eberhardt,* Assistant District Attorney, *John M. Tighe,* First Assistant District Attorney, and *John J. Hickton,* District Attorney, for Commonwealth, appellant.

*Morton B. DeBroff,* for appellee.

OPINION BY WATKINS, P. J., April 22, 1975:

This is an appeal by the Commonwealth from an order of the Court of Common Pleas, Criminal Division, of Allegheny County, dismissing a four count bill of indictment for violation of The Controlled Substance, Drug, Device and Cosmetic Act because of the failure of the Commonwealth to provide a bill of particulars to the defendant-appellee within the time limit provided in Rule 221 of the Pennsylvania Rules of Criminal Procedure.

The appellee was scheduled for trial on February 7, 1974. On January 25, 1974, he filed and served on the Commonwealth a Request for a Bill of Particulars. On January 31, 1974, the appellee moved to dismiss the indictments due to the Commonwealth's failure to furnish the Bill of Particulars. After a hearing the court granted the appellee's motion and the indictment was dismissed. The Commonwealth then petitioned the court to vacate its dismissal of the indictment which it refused to do after a hearing. The Commonwealth's petition was denied on February 6, 1974. The Commonwealth then appealed

from the order of February 6, 1974 denying the petition to vacate the dismissal of the indictments.

The appellee claims that since the Commonwealth appealed from the Order of February 6, 1974 rather than the original order of January 31, 1974, we should refrain from considering the appeal since an appeal from the January 31, 1974 Order was not taken within thirty (30) days. While the appellee is correct in his assertion that the Commonwealth should have appealed the January 31, 1974 Order we will allow the appeal since the appeal was taken within thirty (30) days of the original order. We might also point out that had the appeal not been taken within thirty (30) days of the original order we would be required to hold that it was not timely filed.

Rule 221 of the Pennsylvania Rules of Criminal Procedure provides in part that:

"(a) A bill of particulars *should* be furnished by the attorney for the Commonwealth within two (2) days after service upon him of a copy of a written request by a defendant . . .

"(b) Upon failure of the attorney for the Commonwealth to furnish a bill of particulars after service of a request upon him, the defendant may make written application for relief to the court within ten (10) days after such service."

The Commonwealth argues that the two-day time period in which it had to provide the bill of particulars under the rule is unreasonable and that the word "should", set forth in Section (a) of the rule, can be interpreted in such a way so as to provide the Commonwealth additional time to file the bill if the circumstances warrant such additional time. It should be noted that in the instant case the appellee did not present his motion requesting dismissal of the indictment to the court until January 31, 1974 which was six (6) days after he had filed his request for it. We also recognize that appellee's trial was scheduled for February 7, 1974, and thus it was

imperative that appellee's counsel be provided with the information in the bill so that he could prepare his case. Section (b) of the rule also plays an important part in the determination of this issue since, under it, the appellee was required to file any application for relief within ten (10) days after service of his request for a bill of particulars upon the Commonwealth. Therefore, we cannot determine that the appellee's actions in filing the request were tantamount to a "snap judgment" situation wherein a matter of procedure determines a case rather than a matter of substance. This is so because had the appellee not filed his application for relief within the ten (10) day period he may have been precluded from so doing to the prejudice of his client's interests. Thus, the filing for the application for relief six (6) days after appellee filed his Request for Bill of Particulars upon the Commonwealth was in no way unreasonable.

Finally, we must also note that Section (c) of the rule in question states that the court may take whatever action "it deems necessary in the interests of justice" when an application for relief is made by a defendant in circumstances such as this one. In this case the court felt that the only relief that it could afford the defendant for the Commonwealth's failure to provide the Bill of Particulars was to dismiss the indictment. Since the language in Section (c) provides such a broad mandate to the court below on this matter we are constrained to hold that only a flagrant abuse of that court's discretion on such a matter would be grounds for a reversal. We find no such abuse of discretion here. As the court below pointed out, in criminal cases there is really very limited relief which a court can afford to a defendant in a situation where the Commonwealth has violated some rule other than dismissing the charges lodged against the defendant.

The court below held that the use of "should" and not "shall" gave him no discretion. If we were to interpret the world "should" under the rule not to have the same

force as "shall" the best that could be said would be that
the use of "should" had the effect of placing some discre-
tion in the court below, as to the two-day requirement,
under the circumstances. However, under the circum-
stances of this case when, the Commonwealth failed to
file not only within the two-day period, and not within six
days when the petition to dismiss was filed, but not until
the day before the appellee was to go to trial, which was
the same date his petition to vacate was denied, we can-
not find under these circumstances an abuse of discretion
by the court below, if such discretion existed. The appel-
lee wanted the bill of particulars to aid him in his trial
and it would have been of little help the day before the
trial.

We are not unmindful of the problems created for
prosecutors by the two-day time limit of Rule 221. Such a
limit may indeed be unreasonable when applied to specific
situations. However, until the rule is changed, we are
bound to give effect to its provisions, including the por-
tion of the rule which provides the trial court with its
powers of relief.

The order of the court below is affirmed.

———

DISSENTING OPINION BY PRICE, J.:

This appeal by the Commonwealth presents two is-
sues. I agree with the majority's conclusion as to the first
but must dissent as to the second. In the first issue it is
contended that the Commonwealth has filed its appeal
from the wrong order of the lower court, and therefore,
the appeal should be quashed. Secondly, it is contended
that the word "should" in Rule 221 of the Rules of Crim-
inal Procedure means "must", and the failure of the
Commonwealth to furnish a Bill of Particulars within
two days of its request is properly remedied by a dismis-
sal of the indictment since such dismissal was deemed by
the lower court to be a proper relief in the interests of
justice.

The appellee was indicted on four counts of violations of The Controlled Substance, Drug, Device and Cosmetic Act. Trial was scheduled for February 7, 1974. Counsel for the appellee, prior to the entrance of an appearance on behalf of the appellee, alleges that he, on January 25, 1974, filed a request for a Bill of Particulars and served it upon the District Attorney's Office. It is to be noted that January 25, 1974, was a Friday. An examination of the record reveals no confirmation of this allegation. The Docket Entries show an Application for Suppression of Evidence, filed January 24, 1974 (on other grounds), an Application to Quash Indictment, filed January 25, 1974 (on other grounds), and then Application for Dismissal, filed January 31, 1974. There is *no* record of the filing of a Request for Bill of Particulars on January 25, 1974; and there is no such original in the record. On January 31, 1974, the sixth day after the alleged filing of the request, the appellee moved to dismiss the indictment due to the Commonwealth's failure to supply the requested Bill of Particulars. That motion for the first time on the record attaches as an Exhibit "A" a Request for Bill of Particulars. This is a most irregular state of affairs which should be investigated by the lower court. For the purposes of this Opinion, however, I will accept appellee's allegations. That same day, on January 31, 1974, the court below entered an order dismissing the indictment. The Commonwealth filed its Bill of Particulars on February 5, 1974, and no issue is raised as to the sufficiency of this Bill of Particulars as filed. The Commonwealth then petitioned to vacate the dismissal of the indictment on February 6, 1974. After hearing, the court below denied the Commonwealth's petition to vacate the dismissal. This appeal was taken from the order of court dated February 6, 1974, and not from the order of January 31, 1974.

It has long been the law of this Commonwealth that a petition for reconsideration, and action thereon, does not extend the appeal time; and this, of course, is quite

proper. However, the present facts do not do violence to that rule of law nor do they violate that requirement. This appeal was taken and filed with this court on February 6, 1974, well within the appeal time of the order of January 31, 1974, and on the same day as the denial of the petition to vacate the dismissal of the indictment.[1] Therefore, I agree with the majority that a decision to refuse to consider this appeal, really in the nature of a decision to quash, is unrealistic and improper.

The majority's interpretation of Rule 221 of the Rules of Criminal Procedure, interpreting the word "should" as "must", however, is in my opinion an unrealistic interpretation. As the lower court quite properly noted in the transcript of the argument on February 6, 1974:

> ". . . The thing that bothers me is the inadequacy of the rule for a Bill of Particulars . . . . You know, it may be all right for two days up in . . . County where they have five criminal cases a year and everybody is in a nice tightly knit little community, and everybody knows everybody, but for Philadelphia, Allegheny, Erie, and perhaps Lackawanna, and one or two others it is next to impossible for the District Attorney's office to comply with this, you know, with the regular case load they have, and the prosecution witnesses being who they are; namely, police or detectives who are on duty, and it takes you a day to find out where they are and who they are, and a day to get them in if they are not on duty or on vacation, or on something or other, and I believe the rule is totally unworkable . . . ."

---

1. This is highlighted by appellant's caption that styles the appeal to be "from the Order dated January 31, 1974" while appellee's caption styles the appeal to be "from the Order dated February 6, 1974." Interestingly, our Certiorari to the lower court recites "from the Order dated February 6, 1974." However, in the appeal and Affidavit form filed by the Commonwealth, they have specifically designated the appeal to be "from the Order dated February 6, 1974."

I would certainly agree with the lower court that the rule is totally unworkable if we are to define the word "should" as "must". However, my interpretation of Rule 221 leads me to the conclusion that the Criminal Rules Committee and the Supreme Court of this Commonwealth in adopting this rule never intended the rule to be given that interpretation. I believe my conclusion is supported by a reading of the other Rules of Criminal Procedure pertaining to pretrial applications and, specifically, Rules 304 through 311; and it is to be noted that in the comment to Rule 304 the application for a Bill of Particulars is included in the listing of those matters to be considered pretrial applications. In all of the rules dealing with pretrial applications, there are time periods set forth, using the word "may" and giving much more realistic time intervals. I would, therefore, hold that Rule 221 does not make the filing of a Bill of Particulars by the Commonwealth within two days mandatory and that such filing should be permitted within a realistic time dictated by the circumstances of the case and the practical situation to be found in the county involved.

I would further hold that the lower court abused its discretion in dismissing the indictment under these circumstances when it applied Rule 221 (c) and ordered the dismissal of the indictment to be such an order "as it deems necessary in the interests of justice." Such a drastic and extreme remedy should only be applied upon the showing of prejudice to the defendant and his cause. No such claim is here made and, indeed, it is difficult for me to find from a reading of this record that the device employed in this case by the appellee is any more than a very technical and improper device to avoid the charges that were then pending before the court. Certainly a much more realistic reading of Rule 221 would be that the relief to be granted, if any, would be a continuance of the trial for an appropriate period to allow appellee to make use of the information furnished in the prepara-

tion of his defense. Only upon a showing by a defendant of prejudice or upon a finding of the lower court that the Commonwealth has unduly delayed in the filing of a Bill of Particulars or has refused to furnish a Bill of Particulars should the drastic remedy of dismissal be employed. The term "interests of justice" is not a one-way street. Just as surely as defendants in criminal trials and prosecutions may travel upon this street so may the citizens of this Commonwealth. To dismiss an indictment on such an improper and technical ground is not an order "in the interests of justice."

I would reverse the order of the lower court dated January 31, 1974, and vacate the order of the court dated February 6, 1974.

VAN DER VOORT, J., joins in this dissenting opinion.