J-S77030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEFFREY P. LIBENGOOD | |
| Appellant | No. 593 MDA 2016 |

Appeal from the Judgment of Sentence January 25, 2016
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0000918-2015

BEFORE:  PANELLA, OLSON and PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                   **FILED NOVEMBER 29, 2016**

Appellant, Jeffrey P. Libengood, appeals from the judgment of sentence entered on January 25, 2016, as made final by the denial of his post-sentence motion on March 14, 2016.  We affirm.

The factual background and procedural history of this case are as follows.  During 2014, Appellant repeatedly sexually abused S.D.  On June 18, 2015, the Commonwealth charged Appellant via criminal information with four counts of aggregated indecent assault of a child,[1] two counts of rape of a child,[2] two counts of statutory sexual assault,[3] involuntary deviate

---

[1] 18 Pa.C.S.A. § 3125(a)(7).

[2] 18 Pa.C.S.A. § 3121(c).

[3] 18 Pa.C.S.A. § 3122.1(b).

* Retired Senior Judge assigned to the Superior Court

sexual intercourse with a child,[4] corruption of minors,[5] endangering the welfare of a child,[6] and indecent assault of a child.[7]

On or about June 22, 2015, Appellant waived his right to arraignment. On or about July 2, 2015, Appellant requested a bill of particulars from the Commonwealth. When the Commonwealth failed to respond to that request, Appellant filed a motion on July 16, 2015 seeking a bill of particulars outlining the exact dates of the alleged assaults. The trial court granted the motion and ordered the Commonwealth to provide a bill of particulars. On July 23, 2015, the Commonwealth filed its bill of particulars which stated, in relevant part, "[t]he alleged incidents in the above captioned [case] occurred at various times between January 1, 2014 and December 20, 2014 as stated in the criminal complaint and criminal information." Bill of Particulars, 7/23/15, at 1.

On October 28, 2015, Appellant filed a motion *in limine* seeking to bar S.D.'s testimony because the Commonwealth's bill of particulars was insufficient. The trial court orally denied the motion that same day. On October 29, 2015, Appellant was convicted of two counts of aggregated indecent assault of a child, rape of a child, two counts of statutory sexual

---

[4] 18 Pa.C.S.A. § 3123(b).

[5] 18 Pa.C.S.A. § 6301(a)(1)(ii).

[6] 18 Pa.C.S.A. § 4304(a)(1).

[7] 18 Pa.C.S.A. § 3126(a)(7).

assault of a child, corruption of minors, endangering the welfare of a child, and indecent assault of a child. The trial court sentenced Appellant to 10 to 20 years' imprisonment for the rape of a child conviction. The prison sentences imposed for the remaining convictions were ordered to run concurrently with the rape of a child sentence. On February 4, 2016, Appellant filed a post-sentence motion. On March 16, 2016, the trial court denied the post-sentence motion. This timely appeal followed.[8]

Appellant presents two issues for our review:

1. Whether the trial court erred in dismissing [Appellant's m]otion *in [l]imine* after the Commonwealth failed to provide full and complete responses to his request and court order for more specific dates and times for the alleged incidents, and simply charged a one[-]year time frame, precluding his ability to adequately defend himself?

2. Whether the trial court erred in applying the mandatory minimum sentence provisions of 42 Pa.C.S.[A.] § 9718(a)(1) in light of ***Commonwealth v. Wolfe***[, 106 A.3d 800 (Pa. Super. 2014), *aff'd*, 140 A.3d 651 (Pa. 2016)]?

Appellant's Brief at 3-4.

In his first issue, Appellant argues that the trial court erred in denying his motion *in limine* to bar S.D.'s testimony. In that motion, Appellant

_____

[8] On April 12, 2016, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). ***See*** Pa.R.A.P. 1925(b). On May 5, 2016, Appellant filed his concise statement. On June 13, 2016, the trial court issued its Rule 1925(a) opinion.

The Commonwealth contends that Appellant waived his first issue because of lack of specificity in his concise statement. We conclude, however, that Appellant's concise statement was not so vague as to warrant waiver of his first issue.

argued that the Commonwealth's failure to provide the exact dates upon which the assaults occurred in its bill of particulars warranted barring S.D.'s testimony. Although Appellant's motion was titled a motion *in limine*, it was in fact a motion pursuant to Pennsylvania Rule of Criminal Procedure 572(C). We review a trial court's Rule 572 decision for an abuse of discretion. ***See Commonwealth v. Mercado***, 649 A.2d 946, 959 (Pa. Super. 1994) (citation omitted).

> Rule 572 provides that:
>
> (A) A request for a bill of particulars shall be served in writing by the defendant upon the attorney for the Commonwealth within [seven] days following arraignment. The request shall promptly be filed and served as provided in Rule 576.
>
> (B) The request shall set forth the specific particulars sought by the defendant, and the reasons why the particulars are requested.
>
> (C) Upon failure or refusal of the attorney for the Commonwealth to furnish a bill of particulars after service of a request, the defendant may make written motion for relief to the court within [seven] days after such failure or refusal. If further particulars are desired after an original bill of particulars has been furnished, a motion therefor may be made to the court within [five] days after the original bill is furnished.
>
> (D) When a motion for relief is made, the court may make such order as it deems necessary in the interests of justice.

Pa.R.Crim.P. 572. As noted above, in this case the Commonwealth provided its bill of particulars on July 23, 2015. Appellant did not file his motion *in limine* until October 28, 2015 – more than 90 days after the bill of particulars was furnished.

The trial court denied Appellant's motion on two grounds. First, the trial court found that Appellant failed to provide a compelling reason why he failed to seek relief under Rule 572(C) within five days. Second, the trial court found that even if it were to consider the merits of Appellant's motion, he was not entitled to relief. As we ascertain no abuse of discretion by the trial court in denying the motion because of Appellant's failure to comply with the five-day time limit proscribed by Rule 572(C), we decline to address the trial court's alternative holding on the merits.

We find instructive this Court's decision in **Commonwealth v. Montalvo**, 641 A.2d 1176 (Pa. Super. 1994). In **Montalvo**, like in the case at bar, the defendant filed a motion *in limine* because of his dissatisfaction with the bill of particulars provided by the Commonwealth. This Court stated that "when defense counsel desires further particulars after an original bill of particulars has been furnished, the proper action is to file a motion requesting the additional particulars **within five days after the original bill is furnished.**" *Id.* at 1186 (citation omitted; emphasis added).

Although not explicitly stated in **Montalvo**, the implication of this Court's statement is that the failure of a defendant to file a motion within five days of the original bill of particulars being filed by the Commonwealth results in the defendant waiving any defect in the bill of particulars provided by the Commonwealth. This reading of **Montalvo** is confirmed by dicta contained within this Court's decision in **Commonwealth v. Albanesi**, 338

A.2d 610 (Pa. Super. 1975). In **Albanesi**, this Court stated that if the defendant failed to file a motion within the time periods specified by Rule 572's predecessor, the defendant may be precluded from later seeking relief because of the Commonwealth's failure to provide an appropriate bill of particulars. **Id.** at 611.

This treatment of an untimely Rule 572(C) motion also comports with the handling of untimely omnibus pretrial motions. Under Rule 579, the defendant's omnibus pretrial motion generally must be filed within 30 days of arraignment. **See** Pa.R.Crim.P. 579(A). As this Court has explained, failure to file an omnibus pretrial motion within that time period results in waiver of any issues raised in an untimely omnibus pretrial motion. **See Commonwealth v. Borovichka**, 18 A.3d 1242, 1248 (Pa. Super. 2011). We ascertain no reason why filing a late Rule 572(C) motion should be treated differently than filing a late omnibus pretrial motion.

The time requirements included within the Pennsylvania Rules of Criminal Procedure for filing certain motions are critical to the efficient administration of justice. Specifically, the time requirements permit trial courts sufficient time to consider various legal issues and rule thereon while ensuring the defendant has a speedy trial. Furthermore, failure to file a timely motion is likely to result in a waste of judicial resources. This case provides an example of that dynamic. If the trial court granted Appellant's motion and barred S.D.'s testimony, there is little question that the

Commonwealth would have immediately appealed that order to this Court. That appeal necessarily would have been filed literally minutes before the jury panel was to be sworn and the case begun. This would have resulted in the jurors, who were waiting in the jury room during argument on Appellant's motion, being sent home. Although in some instances such delayed proceedings are unavoidable, as the trial court aptly noted in its Rule 1925(a) opinion in this case, the only explanation Appellant's counsel provided for the untimely filing of the Rule 572(C) motion was trial tactics. Trial tactics cannot excuse a blatant violation of the applicable court rules. Accordingly, we conclude that the trial court did not abuse its discretion in denying Appellant's motion *in limine* on timeliness grounds.

In his second issue, Appellant argues that his sentence is illegal. "Issues relating to the legality of a sentence are questions of law. Our standard of review over such questions is *de novo* and our scope of review is plenary." **Commonwealth v. Aikens**, 139 A.3d 244, 245 (Pa. Super. 2016) (ellipsis and citation omitted).

Appellant argues that he was sentenced to a mandatory minimum sentence pursuant to 42 Pa.C.S.A. § 9718, which provides that a defendant convicted of the rape of a child be sentenced to not less than 10 years' imprisonment. In **Wolfe**, our Supreme Court held "that Section 9718 is irremediably unconstitutional on its face, non-severable, and void." **Wolfe**, 140 A.3d at 663. Thus, any sentence imposed thereunder is illegal. **See id**.

The trial court in the case *sub judice*, however, did not impose a sentence pursuant to section 9718. Although the trial court referenced section 9718, it explicitly stated that it was not applying the statute. Specifically, the trial court stated that, despite its disagreement with this Court's decision in **Wolfe** and the fact that, at the time of sentencing, allocatur had been granted in **Wolfe**, it was bound by this Court's decision that section 9718 is unconstitutional. **See** N.T., 1/25/16, at 26-27. Thus, it proceeded to sentence Appellant without consideration of the mandatory minimum sentence. **See id.** at 27. Upon consideration of the 42 Pa.C.S.A. § 9721(b) factors, the trial court determined that the 10 to 20 year sentence previously mandated by section 9718 was appropriate in this case and thus imposed that sentence. **See id.** As Appellant was not sentenced pursuant to section 9718, his sentence is legal and he is not entitled to relief on this claim of error.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/29/2016