J-A07010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| O'NEAL JAMEL OLIVE | |
| Appellant | No. 609 WDA 2015 |

Appeal from the Judgment of Sentence March 10, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0009029-2014

BEFORE:  OLSON, STABILE and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 21, 2017**

Appellant, O'Neal Jamel Olive, appeals from the judgment of sentence entered on March 10, 2015, as made final by the denial of his post-sentence motion on March 18, 2015.  We affirm in part, vacate in part, and remand for the sole purpose of resentencing.

The factual background of this case is as follows.  On May 11, 2014, Appellant fired approximately 11 shots at Jahtae Boyce ("Boyce") and Deandre Carter ("Carter") as they were standing in front of Carter's residence.  Neither Boyce nor Carter was hit by the gunfire.  Three shots, however, entered Mary Johnston's ("Johnston's") residence, which was located next to Carter's residence.  Johnston and her husband were in the residence when one of those bullets struck Johnston in the face.  As a result of that gunshot wound, Johnston suffered brain damage.

* Retired Senior Judge assigned to the Superior Court

The procedural history of this case is as follows. On August 12, 2014, the Commonwealth charged Appellant via criminal information with four counts of recklessly endangering another person,[1] three counts of attempted murder,[2] three counts of aggravated assault,[3] two counts of discharging a firearm into an occupied structure,[4] and carrying a firearm without a license.[5] At the conclusion of the Commonwealth's case-in-chief, the trial court granted Appellant's motion for judgment of acquittal on the carrying a firearm without a license charge. On December 18, 2014, Appellant was convicted of the remaining 12 offenses.

On March 10, 2015, the trial court sentenced Appellant to an aggregate term of 35 to 70 years' imprisonment. This aggregate sentence consisted of consecutive terms of 15 to 30 years' imprisonment on one attempted murder conviction (related to Johnston), 10 to 20 years' imprisonment on two attempted murder convictions (related to Boyce and Carter), and no further penalty on the remaining ten convictions. On March

---

[1] 18 Pa.C.S.A. § 2705.

[2] 18 Pa.C.S.A. § 901, 2502.

[3] 18 Pa.C.S.A. § 2702(a)(1).

[4] 18 Pa.C.S.A. § 2707.1(a).

[5] 18 Pa.C.S.A. § 6106(a)(1).

13, 2015, Appellant filed a post-sentence motion which was denied on March 18, 2015. This timely appeal followed.[6]

Appellant presents three issues for our review:

1. Was the evidence insufficient to sustain [Appellant's] convictions . . . for [attempted murder] because the Commonwealth failed to prove, beyond a reasonable doubt, that [Appellant] had specific intent to kill any of the victims?

2. Was the sentence imposed for [the attempted murder of Johnston] illegal because it was greater than the lawful maximum permitted for that offense?

3. Did the trial court fail to adequately consider and apply all of the relevant sentencing criteria . . . ?

Appellant's Brief at 6 (complete capitalization omitted).[7]

In his first issue, Appellant argues that the evidence was insufficient to convict him of attempted murder. "Whether sufficient evidence exists to support the verdict is a question of law; our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Giron***, 155 A.3d 635, 638 (Pa. Super. 2017) (citation omitted). In assessing Appellant's sufficiency challenge, we must determine "whether, viewing all the evidence admitted at trial in the light most favorable to the [Commonwealth], there is sufficient evidence to enable the fact-finder to find every element of the

_____

[6] On May 18, 2015, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). ***See*** Pa.R.A.P. 1925(b). On February 25, 2016, Appellant filed his concise statement. On June 9, 2016, the trial court issued its Rule 1925(a) opinion. All issues raised on appeal were included in Appellant's concise statement.

[7] We have re-numbered the issues for ease of disposition.

crime beyond a reasonable doubt." ***Commonwealth v. Sauers***, 159 A.3d 1, 11 (Pa. Super. 2017) (citation omitted). "[T]he evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part[,] or none of the evidence presented." ***Commonwealth v. Boniella***, 158 A.3d 162, 165 (Pa. Super. 2017) (citation omitted).

"A conviction for attempted murder requires the Commonwealth to prove beyond a reasonable doubt that the defendant had the specific intent to kill and took a substantial step towards that goal." ***Commonwealth v. Blakeney***, 946 A.2d 645, 652 (Pa. 2008) (citation omitted). Appellant argues that in this case the Commonwealth failed to prove that he had the specific intent to kill. We disagree.

It is well-settled that when a defendant fires multiple gunshots at an individual (or group of individuals), the jury may reasonably conclude that the defendant had the specific intent to kill. ***See Commonwealth v. Kennedy***, 151 A.3d 1117, 1122 (Pa. Super. 2016), *citing* ***Commonwealth v. Hughes***, 865 A.2d 761, 793 (Pa. 2004); ***Commonwealth v. Chamberlain***, 30 A.3d 381, 394 (Pa. 2011) (citations omitted). In this case, Appellant fired 11 shots at Boyce and Carter. From this evidence alone, the jury could reasonably infer that Appellant had the specific intent to kill Boyce and Carter.

All of Appellant's arguments go to the weight of the evidence and not its sufficiency. For example, Appellant notes that Boyce and Carter differed on how far they were from Appellant when he fired the shots. What is important, however, is that both testified that Appellant was across the street when he began firing at them. The exact distance is immaterial to whether Appellant had the specific intent to kill. Similarly, Appellant contends that there was no motive for him to kill Boyce and Carter. "It is well established that the Commonwealth is not required, as a matter of law, to prove the accused's motive." *Commonwealth v. Briggs*, 12 A.3d 291, 340 n.44 (Pa. 2011) (citation omitted). As such, we conclude that there was sufficient evidence for the jury to find that Appellant had the requisite specific intent to kill Boyd and Carter.

With respect to Johnston, Appellant's specific intent to kill Boyce and Carter transferred to Johnston. *See* 18 Pa.C.S.A. § 303(b); *Commonwealth v. Padilla*, 80 A.3d 1238, 1247 (Pa. 2013) (citation omitted). Accordingly, there was sufficient evidence for all three attempted murder convictions.

In his second issue, Appellant argues that the trial court imposed an illegal sentence of 15 to 30 years' imprisonment for the attempted murder of Johnston. "Issues relating to the legality of a sentence are questions of law. Our standard of review over such questions is *de novo* and our scope of

review is plenary." *Commonwealth v. Libengood*, 152 A.3d 1057, 1061-1062 (Pa. Super. 2016) (citation omitted).

The Crimes Code provides:

[A] person who has been convicted of attempt, solicitation[,] or conspiracy to commit murder, murder of an unborn child[,] or murder of a law enforcement officer where serious bodily injury results may be sentenced to a term of imprisonment which shall be fixed by the court at not more than 40 years. Where serious bodily injury does not result, the person may be sentenced to a term of imprisonment which shall be fixed by the court at not more than 20 years.

18 Pa.C.S.A. § 1102(c). "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Commonwealth v. Conaway*, 105 A.3d 755, 761 (Pa. Super. 2014), *quoting* *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Thus, under section 1102(c), the jury must determine that a victim suffered serious bodily injury in order to increase the maximum penalty from 20 to 40 years' imprisonment.

In this case, the jury did not make an explicit finding that Appellant caused serious bodily injury when he attempted to murder Johnston. Nonetheless, the Commonwealth argues that the jury's guilty verdict on the aggravated assault charge, which required a finding that Appellant caused Johnston serious bodily injury, was sufficient under *Apprendi* to increase the maximum sentence to 40 years' imprisonment. Recently, this Court rejected this same argument and held that "any finding by the jury of

serious bodily injury for aggravated assault [can] not be used to infer that the jury found serious bodily injury for the attempted murder charge." *Commonwealth v. Barnes*, 2017 PA Super 215, 12 (July 10, 2017) (*en banc*) (citations omitted). Therefore, under *Barnes*, Appellant was only subject to a maximum sentence of 20 years' imprisonment for the attempted murder of Johnston. As he was sentenced to a maximum of 30 years' imprisonment on that count, his sentence was illegal. Moreover, as we conclude that vacatur of Appellant's sentence for the attempted murder of Johnston upsets the trial court's overall sentencing scheme, we vacate the entire judgment of sentence and remand for resentencing. *See Commonwealth v. McCamey*, 154 A.3d 352, 359 (Pa. Super. 2017) (citation omitted).

As we vacate Appellant's sentence and remand for resentencing, we need not address Appellant's discretionary aspects claim. *See Barnes*, 2017 PA Super 215 at 24 n.13.

Judgment of sentence affirmed in part and vacated in part. Case remanded. Jurisdiction relinquished.

Stabile, J., joins.

Strassburger, J., files a Concurring Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/21/2017</u>