J-A16029-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRUCE JOSEPH PANATTIERI | : | |
| | : | |
| Appellant | : | No. 257 MDA 2022 |

Appeal from the Judgment of Sentence Entered January 14, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0002694-2019

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRUCE JOSEPH PANATTIERI | : | |
| | : | |
| Appellant | : | No. 258 MDA 2022 |

Appeal from the Judgment of Sentence Entered January 14, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0000198-2020

BEFORE: PANELLA, P.J., BENDER, P.J.E., and McCAFFERY, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED: OCTOBER 23, 2023**

Appellant, Bruce Joseph Panattieri, was convicted of several sexual crimes against two young girls and received an aggregate sentence of one to two years of incarceration, followed by four years' probation. He challenges the trial court's denial of his motion for a bill of particulars and the grading of his two corruption of minors charges. We affirm.

On September 9, 2019, the Commonwealth filed a criminal information docketed at 2694-2019, charging four counts relating to sexual incidents against S.G., the sister of Appellant's fiancée: indecent assault without consent, 18 Pa.C.S. § 3126(a)(1) (count one); indecent assault of a person under thirteen, 18 Pa.C.S. § 3126(a)(7) (count two); indecent assault of person less than sixteen, 18 Pa.C.S. § 3126(a)(8) (count three); and corruption of minors, 18 Pa.C.S. § 6301(a)(1)(ii) (count four). The information listed each incident date as occurring "on or about" September 1, 2016. S.G. was fourteen years old at the time of trial in September of 2021.

The second information, docketed at 198-2020, was filed February 7, 2020, charging three counts relating to sexual incidents concerning A.L.G., who was also his fiancée's sister: aggravated indecent assault without consent, 18 Pa.C.S. § 3125(a)(1) (count one); corruption of minors, 18 Pa.C.S. § 6301(a)(1)(ii) (count two); and indecent assault, 18 Pa.C.S. § 3126(a)(1) (count three). The incident date was also listed as "on or about" September 1, 2016. A.L.G. was twenty years old at the time of trial.

Appellant filed a pre-trial motion pursuant to Rule of Criminal Procedure 572 at each docket requesting a bill of particulars to "adequately prepare for trial, avoid surprise at trial, ascertain an alibi, and/or protect himself against a violation of his rights against double jeopardy[.]" Request for Bill of Particulars, 9/14/20, at 1. Appellant requested, with respect to each count, a court order requiring the Commonwealth to provide the following:

a. the exact date which any act or conduct giving rise to the alleged crime occurred;

b. the exact place which any act or conduct giving rise to the alleged crime occurred;

c. the exact time which any act or conduct giving rise to the alleged crime occurred;

d. the specific act or conduct giving rise to the alleged crime.

*See id*. at 1-2.

On September 8, 2021, the trial court held a hearing on a variety of motions, including the Commonwealth's motion to amend the criminal informations. As the Commonwealth explained, "there was an inadvertent issue with the time frames listed on both of the informations. It just listed the start date and not the entirety of the time frame." N.T. Pre-trial Hearing, 9/8/21, at 2. As amended, the docket at 2694-2019 charged offenses occurring from September 1, 2016, through June 9, 2019. The docket at 198-2020 was amended to state that the crimes occurred between March 1, 2017, and March 31, 2019.

Appellant did not object to the amendments. The parties then discussed the motion for a bill of particulars. The Commonwealth asserted that, "a lot has happened" since the charges were filed, including testimony by the victims at a *habeas corpus* proceeding and the fact "that discovery has been provided." *Id.* at 4. The Commonwealth argued that the request was "moot at this point because [Appellant] know[s] exactly what conduct he's charged for." *Id.*

While Appellant's first item requested in the bill for particulars was for an exact date on which the acts occurred, Appellant conceded that the amendments addressed that issue. "If the Commonwealth is going to put on their amended information a range of dates, that's sufficient for me, Your Honor." *Id.* at 6. Appellant then stated that "the others are more important" and argued that the Commonwealth attempted to "circumvent the rule just by saying, well, you have it in discovery." *Id.* Appellant argued that the mechanism for a request for a bill of particulars would be superfluous if discovery obligations satisfied any such request, and maintained that he "need[ed] to know the three other things[,] … place, manner, act." *Id.* The court denied the motion.

Appellant proceeded to a jury trial. Immediately before S.G. testified, Appellant moved for an offer of proof. Appellant noted that the Commonwealth had originally filed a count of involuntary deviate sexual intercourse (IDSI) predicated on alleged vaginal licking, which had been dismissed at the preliminary hearing, and sought to bar the admission of any testimony pertaining to that allegation. The Commonwealth replied that S.G. did not testify at the preliminary hearing[1] and "the judge did not feel [the testimony] was sufficient to bind that charge over because he didn't feel that it met all the elements of an IDSI." N.T., 9/29/21, at 37. The Commonwealth argued that S.G. could still testify about those behaviors because it would

_____

[1] The Commonwealth had called an officer who witnessed the forensic interview.

- 4 -

satisfy indecent assault. The Commonwealth noted that there were no "specific acts alleged in the information. It's a general count." *Id*. at 38. The trial court overruled Appellant's request.

Appellant was convicted of all counts at both dockets except aggravated indecent assault. Appellant moved for extraordinary relief concerning the two counts of corruption of minors, which the trial court denied. Appellant filed timely notices of appeal[2] and complied with the trial court's order to file a concise statement. *See* Pa.R.A.P. 1925(b). We now review Appellant's two claims:

> I. Whether the trial court's refusal to order the Commonwealth to file a bill of particulars, which then resulted in admission of evidence of dismissed conduct and uncharged "bad acts[,"] constitutes an abuse of discretion requiring reversal.
>
> II. Whether increasing the sentence for "corruption of minors / course of conduct" when there was no jury finding of specific acts constituting such "course" constitutes illegal sentence.

Appellant's Brief at 5.

Appellant's first claim challenges the trial court's failure to grant his motion for a bill of particulars. He reiterates the position advanced at the pre-trial hearing, namely, that providing discovery is not a substitute for granting a request for a bill of particulars. Appellant describes the charges listed in the criminal informations as containing "broad language mirroring the statutory text of the charges alleged. Specific dates are absent[,] as are any reference[s] to specific conduct on the part of [Appellant]." *Id.* at 13 (citation

---

[2] We *sua sponte* consolidated the appeals by order of February 25, 2022.

to record omitted).  Appellant argues that the trial court erred by treating the "concept of the bill of particulars as a discovery tool." *Id*. at 16.

Appellant further contends that the failure to grant the motion led to the admission of the testimony regarding "alleged vaginal contact by [Appellant,] … which had been part of the Commonwealth's original complaint, but this charge did not survive the preliminary hearing…." *Id.*  Additionally, A.L.G. testified "regarding [Appellant]'s alleged video recording" of her, but the criminal informations do not specify that behavior.  *Id.*  As to the effect of the trial court's purported error, Appellant maintains that the ruling "requires reversal given the contours of the present matters." *Id.* at 18.

The Commonwealth maintains that the trial court properly denied the motion as it supplied all relevant discovery, and Appellant was aware of the charges and the evidence the Commonwealth intended to use to support them.  Thus, the Commonwealth says that "Appellant was not surprised in any way by the Commonwealth's evidence; therefore, the trial court did not err when it denied his motion to compel…."  Commonwealth's Brief at 10.

Rule of Criminal Procedure 572 establishes the mechanism for seeking a bill of particulars:

> (A) A request for a bill of particulars shall be served in writing by the defendant upon the attorney for the Commonwealth within 7 days following arraignment.  The request shall promptly be filed and served as provided in Rule 576.
>
> (B) The request shall set forth the specific particulars sought by the defendant, and the reasons why the particulars are requested.

(C) Upon failure or refusal of the attorney for the Commonwealth to furnish a bill of particulars after service of a request, the defendant may make written motion for relief to the court within 7 days after such failure or refusal. If further particulars are desired after an original bill of particulars has been furnished, a motion therefor may be made to the court within 5 days after the original bill is furnished.

(D) When a motion for relief is made, the court may make such order as it deems necessary in the interests of justice.

Pa.R.Crim.P. 572. We review a ruling on a motion for a bill of particulars for an abuse of discretion. *Commonwealth v. Libengood*, 152 A.3d 1057, 1059 (Pa. Super. 2016).

We begin our analysis by noting that Appellant concedes that the general purpose of a bill of particulars is "to seek more specific allegations so as to protect his or her due process rights and ensure a fair trial." Appellant's Brief at 13. Thus, Appellant agrees that the bill of particulars serves the specific function of assisting a defendant in preparing for trial. However, Appellant maintains that while a bill of particulars does act as a notice provision, he posits that "[r]esting on this limited understanding of the bill would tend to suggest that it serves only a 'notice' or 'discovery' function." *Id.* at 16. Appellant argues that this "is not the true nor complete nature of the bill of particulars. From its historic roots, it has long been understood that the bill functions as 'a pleading [which] limit[s] the proofs [the Commonwealth may present] at the trial….'" *Id.* (citation omitted; bracketing in original).

To the extent the trial court's analysis could be read to establish a *per se* rule that supplying discovery precludes a motion seeking a bill of particulars, we agree that this would misconstrue the purpose of Rule 572.

Yet, we do not view the trial court's analysis as going so far, as we find that the trial court determined that Appellant failed to meet his burden to establish "reasons why the particulars are requested." Pa.R.Crim.P. 572(B). Appellant, both before the trial court and before this Court, has failed to offer a reason for compelling the production of a bill of particulars. Logically, the "why these particulars are being requested" component of the rule must relate back to the purpose served by the mechanism for requesting a bill of particulars. "A bill of particulars is intended to give notice to the accused of the offenses charged in the indictment so that the accused may prepare a defense, avoid a surprise, or intelligently raise pleas of double jeopardy and the statute of limitations." *Commonwealth v. Mercado*, 649 A.2d 946, 959 (Pa. Super. 1994). Appellant did not explain how the bill of particulars would assist in preparing a defense, avoiding a surprise, or assessing double jeopardy concerns.

Appellant's motion was boilerplate, and his argument at the hearing did not meaningfully expand on his request. Indeed, it appears the real purpose of the bill of particulars was not to assist in the preparation of his defense or prevent a surprise at trial but rather an attempt to "lock" the Commonwealth into a specific set of allegations. Appellant maintains that, "it has long been the law in Pennsylvania that **the Commonwealth is restricted to proving what it has set forth in the bill**." Appellant's Brief at 17 (quoting *Commonwealth v. Simione*, 291 A.2d 764, 766 (Pa. 1972)) (emphasis supplied by Appellant). As a general proposition, a variance between a

criminal information and the proof at trial is not fatal. *Commonwealth v. Einhorn*, 911 A.2d 960, 978 (Pa. Super. 2006) ("A variance is not fatal unless it could mislead the defendant at trial, impairs a substantial right or involves an element of surprise that would prejudice the defendant's efforts to prepare his defense."). However, as quoted in *Simione*, a variance between the bill of particulars and the proof at trial may be treated differently. As stated in the *Corpus Juris Secundum*:

> A variance in the pleading and the proof with regard to the time of the commission of a crime does not constitute prejudicial error where time is not of the essence of the crime charged. In the absence of the specificity that may be obtained through a request for a bill of particulars, a time variance between the allegation in the indictment and the proof at trial is not fatal to a criminal conviction.

42 C.J.S. Indictments § 290. The benefit to Appellant of restricting the Commonwealth via a bill of particulars is obvious, but we do not agree that the trial court is required to grant such a motion.

We could arguably affirm on this basis alone. However, we will address Appellant's implicit claim that the two criminal informations were facially insufficient to apprise him of the offenses, thereby justifying a bill of particulars. This is a fact-specific question that must be analyzed by reference to the specific case.

> A bill of particulars is an amplification or more particular specification of the matter set forth in the pleading. While it need not state more than the party furnishing it is bound to prove under the pleading, **it must be as specific as the circumstances of the case will allow**, and should fairly apprise the opposite party

- 9 -

and the court of the nature of the claim or defense made and the nature of the evidence….

*Weedon v. Weedon*, 34 Pa. Super. 358, 362 (Pa. Super. 1907) (emphasis added).

We briefly discuss precedents indirectly addressing the "specific as the circumstances of the case will allow" concept referenced in *Weedon* with respect to sexual assault cases. In *Commonwealth v. Devlin*, 333 A.2d 888 (Pa. 1975), William Devlin was accused of sodomizing a twenty-two-year-old victim "who had the mental ability of a first or second grade child and the emotional stability of an even younger child." *Id.* at 889. Devlin worked for a social agency and one of his roles was to supervise the victim's earnings and distribute them to the victim. This required the victim to visit Devlin's home twice a day for funds for lunch and dinner. One evening, the victim approached two police officers and stated "that acts of sodomy had been perpetrated upon him" by Devlin. *Id.* This assault occurred on only one visit to Devlin's home. The victim, however, "could not give any indication as to the time of year, the month, day, or date when the crime occurred." *Id.* Our Supreme Court discharged the conviction on the grounds that the failure to prove the date with sufficient particularity denied Devlin his due process right to an adequate opportunity to defend. *See id.* at 891.

Notably, *Devlin* stated that it could not "enunciate the exact degree of specificity in the proof of the date of a crime which will be required or the amount of latitude which will be acceptable. Certainly[,] the Commonwealth need not always prove a single specific date of the crime." *Id.* at 892. This

- 10 -

observation was significant to our decision in ***Commonwealth v. Jette***, 818

A.2d 533 (Pa. Super. 2003), where the Commonwealth's evidence showed

that "Jette repeatedly raped and sexually assaulted the minor victim, who was

the son of his live-in girlfriend, during 1993 and 1994, starting when the victim

was eight years old." ***Id.*** at 534 (footnote omitted).  The acts "included anal

penetration and oral sex including ejaculating in [the victim's] mouth….". ***Id.***

(bracketing in original).  The victim "told a police detective that Jette had

abused him almost daily during the two-year period," and at trial, "described

four of the worst incidents, describing generally when they occurred by month

and generally what time of the year." ***Id.*** at 535 (quoting trial court opinion).

Jette was convicted of three counts: one count each of involuntary

deviate sexual intercourse, endangering the welfare of a child, and corrupting

the morals of a child.  We held that the evidence was sufficient to convict, *i.e.*,

that the proof was sufficiently particular.  We distinguished ***Devlin*** as follows:

> In considering a similar claim in ***Commonwealth v. Groff***, … 548
> A.2d 1237 ([Pa. Super.] 1988), this Court noted that pursuant to
> … ***Devlin***, … "the prosecution must fix the date when an alleged
> offenses occurred with reasonable certainty," [***id.***] at 1240, but
> cautioned as well that "the Commonwealth must be allowed a
> reasonable measure of flexibility when faced with the special
> difficulties involved in ascertaining the date of an assault upon a
> young child." ***Id.*** … at 1241.

***Jette***, 818 A.2d at 535.

Neither ***Devlin*** nor ***Jette*** and the cases discussed therein are directly

on point, but they shed light on the central question here: to what degree is

the Commonwealth required to establish in the criminal information the

- 11 -

specific details when dealing with sexual crimes occurring over a long period of time? "The criminal information 'sets the stage for trial and what the Commonwealth intends to prove.'" *Commonwealth v. Martin*, 297 A.3d 424, 432 (Pa. Super. 2023) (quoting *Commonwealth v. King*, 234 A.3d 549, 563 (Pa. 2020)). The United States Supreme Court has summarized the components of a valid charging instrument as follows:

> Our prior cases indicate that an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished. Undoubtedly the language of the statute may be used in the general description of an offence, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged.

*Hamling v. United States*, 418 U.S. 87, 117–18 (1974) (cleaned up).

Note the familiarity of the language describing the sufficiency of the indictment: it must "fairly inform[] a defendant of the charge against which he must defend, and, second, enable[] him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Id.* at 117. This language is virtually identical to how courts describe the function of a bill of particulars. *Mercado*, 649 A.2d at 959. Therefore, a bill of particulars is simply a request for a more specific pleading, which by Rule places the burden on the defendant. However, unlike a properly drawn indictment/information, a bill of

- 12 -

particulars is not something to which a defendant is entitled. It is for this reason that a bill of particulars cannot save a defective information, nor can a defective bill of particulars defeat a valid information.

> A motion for a bill of particulars does not question the sufficiency of an indictment but rather assumes its validity. When filed, such bill of particulars does not become a part of the indictment. It therefore cannot remedy by way of amendment a fatal defect in an indictment which charges no offense under the law, and, similarly, an indictment good on its face is not rendered demurrable or subject to a motion to quash by a defective or inadequate bill of particulars.

*Commonwealth v. Hershman*, 90 A.2d 314, 317 (Pa. Super. 1952) (citation omitted), *aff'd*, 97 A.2d 777 (Pa. 1953).

Appellant maintains that the criminal information is too generic in the sense it merely tracks the statutory language. While that is an accurate characterization, Appellant fails to show why, under the circumstances of the charges and discovery known to him, more was needed. The allegations spanned events occurring over two plus years. Criminal acts occurring over a long period of time, especially those involving young victims, are not amenable to the type of precise accounting demanded by Appellant. The victims, unsurprisingly, could not recall exactly when the abuse occurred and could not offer exact details for any given incident. This point is significant when one considers that Appellant agreed at the pre-trial hearing that a specific timeframe was not needed. However, Appellant now faults the trial court for failing to force the Commonwealth to describe specific conduct and acts in the indictment. We do not see how the two can be neatly separated.

Appellant's concession that the Commonwealth was not required to pin down an exact date on which a specific incident of abuse occurred is difficult, if not impossible, to reconcile with his present claim that the Commonwealth was required to specify exactly how each incident of abuse occurred. It follows that if the victims cannot be expected to remember the precise dates, they cannot be expected to recall precise details. Hence, the recitation of the statutory language in conjunction with the discovery material, which placed Appellant on notice of what the Commonwealth intended to offer as proof of the crimes, fully justified the trial court's decision.

Finally, we briefly address a point of contention between the parties regarding a comment in our Supreme Court's decision in **Commonwealth v. Champney**, 832 A.2d 403, 412 (Pa. 2003), that the bill of particulars is "an anachronism of past procedural rules[.]" **Compare** Commonwealth's Brief at 8 (approvingly quoting **Champney**), **with** Appellant's Reply Brief at 1-2 (noting that the observation is *dictum*). To reiterate, we agree with Appellant that a bill of particulars serves a purpose. Notwithstanding, modern practice, including the Commonwealth's mandatory discovery obligations, play a role in determining whether a bill of particulars is warranted. The *Corpus Juris Secundum* summarizes the circumstances relevant to determining whether a bill of particulars should be compelled:

> A bill of particulars is required only when the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he or she is accused. The government, in a criminal prosecution, may not be compelled to provide a bill of particulars disclosing the manner in which it will

attempt to prove the charges, the precise manner in which the defendant committed the crimes charged, or a preview of the government's evidence or legal theories.

Among the factors considered in determining whether particulars are warranted are the complexity of the offense, the clarity of the indictment, and the discovery otherwise available to the defendant. An accentuated need exists for the State to furnish particulars where a crime charged may be committed in a number of different ways and when a crime involves not a single occurrence but a series of occurrences.

42 C.J.S. Indictments § 193 (footnotes omitted).

Given the discovery available to Appellant, the recognized flexibility afforded to the Commonwealth in establishing proof of sexual crimes occurring over a long period of time and which did not involve a single occurrence, and the fact that Appellant offers no complaint that the evidence at trial surprised him,[3] we agree that the trial court did not abuse its discretion in denying the motion.

Appellant's second issue challenges his felony convictions for corruption of minors at both criminal informations. That statute codifies two separate offenses, with the felony version requiring proof of a "course of conduct":

**(a) Offense defined.--**

---

[3] We are unpersuaded that the evidence introduced at trial concerning the alleged vaginal licking, which was dismissed at the preliminary hearing stage, as well as the references to Appellant's videotaping A.L.G., are pertinent to this claim. Appellant anticipatorily asked the trial judge to exclude evidence of the alleged vaginal licking, and his brief does not challenge the trial court's ruling on that matter. Appellant cannot litigate a backdoor challenge to the admissibility of that evidence by incorporating it into this claim. Likewise, Appellant anticipatorily raised the videotaping issue prior to A.L.G.'s testimony.

(1)(i) Except as provided in subparagraph (ii), whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree.

(ii) Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 commits a felony of the third degree.

18 Pa.C.S. § 6301.

Appellant challenges whether the offense was properly graded as a felony of the third degree, asserting that this grading is triggered by the finding that the actor engaged in a "course of conduct in violation of Chapter 31" and therefore implicates the Sixth Amendment right to a jury. *See generally Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Commonwealth v. Dixon*, 255 A.3d 1258, 1264 (Pa. 2021) ("In the terminology used by the *Apprendi* line of cases, … a fact other than a prior conviction which increases the punishment beyond the otherwise-imposable statutory maximum comprises an element of a distinct, higher-graded offense."). Appellant did not object to the jury instructions and therefore raises this claim as an illegal sentencing claim. Accepting *arguendo* that this claim implicates the legality of Appellant's sentence as opposed to the sufficiency of the evidence to convict, we find no illegality in the sentence.

In *Commonwealth v. Baker-Myers*, 255 A.3d 223 (Pa. 2021), our Supreme Court discharged a conviction under Section 6301(a)(1)(ii) where

the jury acquitted Baker-Myers of all Chapter 31 sexual offenses charged in the indictment. The normal rule is that acquittals do not have dispositive effect, as an acquittal may be due to an act of mercy. **Commonwealth v. Moore**, 103 A.3d 1240, 1246 (Pa. 2014) (noting that "jury acquittals may not be interpreted as specific factual findings with regard to the evidence, as an acquittal does not definitively establish that the jury was not convinced of a defendant's guilt"). However, there is an exception to this principle, as discussed in **Commonwealth v. Magliocco**, 883 A.2d 479 (Pa. 2005). When the fact-finder acquits of an offense where the commission of that offense is an element of a separate crime, then the acquittal must be given special effect. In **Magliocco**, the trial court convicted him of ethnic intimidation, 18 Pa.C.S. § 2710, while acquitting him of terroristic threats, 18 Pa.C.S. § 2706. The ethnic intimidation statute contained, as an element of the crime, proof that a "person … with malicious intention … commits an offense under any other provision of this article…." 18 Pa.C.S. § 2710. As the only potential offense at issue was the terroristic threat charge, the acquittal on that offense precluded a conviction on the ethnic intimidation charge.

The same general logic was applied in **Baker-Myers**. There, the Commonwealth charged Baker-Myers with rape, sexual assault, aggravated indecent assault, indecent assault, and felony corruption of minors. The judge instructed the jury as follows on the corruption of minors charge:

> Whoever being of the age of 18 and upwards **by any course of conduct in violation of Chapter 31, relating to the other sexual offenses being rape, sexual assault, indecent**

> **assault**, corrupts or tends to corrupt the morals of any minor of less than 18 years of age or aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31, again the sexual offenses[,] commits a felony of the third degree.

***Baker-Myers***, 255 A.3d at 226 (quoting trial transcript; emphasis in original).

The jury found Baker-Myers guilty of the felony corruption of minors charge but acquitted him of all the Chapter 31 sex offenses. The Court stated that the key word in Section 6301(a)(1)(ii) was "violation":

> [T]he phrase "in violation of" is not all that different from the phrase "commits an offense" as interpreted in ***Magliocco***; both are aimed at some act that amounts to illegal conduct under the law. Thus, the most natural understanding of the phrase "in violation of Chapter 31," as used in subsection (a)(1)(ii) of the corruption of minors statute, is that it operates to create — as an element of the offense — a requirement that the Commonwealth prove beyond a reasonable doubt that the accused engaged in a course of conduct involving a breach of some law or laws contained in Chapter 31 of the Crimes Code.

***Id.*** at 234.

Appellant argues that the same result should pertain here. He submits that there was no ability for the jury to make a specific factual finding to support the purportedly enhanced grading.[4] Two key, and related, distinctions

---

[4] Appellant does not cite any published decision establishing that, when the Commonwealth charges the felony corruption of minors, that claim is reviewable under legality of sentence principles. Appellant relies in part on the concurring memorandum authored by the Honorable Judith F. Olson in ***Commonwealth v. McAllister***, 23 WDA 2021 (Pa. Super. filed Jan. 11, 2022). ***See*** Appellant's Brief at 25. Aside from the fact that the decision is not precedential and therefore does not control, Judge Olson's memorandum does not support his position.

*(Footnote Continued Next Page)*

exist between **Baker-Myers** and this case. Here, beginning with the charges concerning A.L.G., the jury did not acquit Appellant of all the underlying Chapter 31 offenses. Instead, it acquitted Appellant of the aggravated indecent assault charge while convicting him of the indecent assault charge. On its face, this is not necessarily dispositive because the jury convicted him of only one Chapter 31 offense. Accordingly, it could be said that there was no "course of conduct" on the theory that this means there is only one singular

---

**McAllister**, like this case, involved a felony corruption of minor charge. The key distinction is that the jury in **McAllister** was not given **any** instruction concerning "course of conduct." **Id.** at *1 (Olson, J., concurring) (stating that "the trial court failed to instruct the jury as to course of conduct"). Judge Olson pointed out that McAllister, unlike Appellant, did in fact properly preserve a sufficiency of the evidence claim flowing from that failure. "Following his conviction and sentence, [McAllister] filed a timely post-sentence motion which included a claim that his conviction for corruption of minors was insufficient as a matter of law." **Id.** at *2 (Olson, J., concurring). Judge Olson noted that, in his brief, McAllister then raised that issue as implicating the legality of his sentence. Judge Olson disagreed with that framing, opining:

> In my view, **this is not a legality of sentence issue** and should not be analyzed as such. Instead, the issue (which was preserved) is whether the fact of a "course of conduct" was presented to the jury properly such that the jury could make that factual finding beyond a reasonable doubt. If not, [McAllister's] conviction for corruption of minors as a third-degree felony cannot stand.

**Id**. at *4 (footnote omitted; emphasis added).

Judge Olson asserted that McAllister preserved a valid **Apprendi** claim, but not in the legality of sentence sense. Instead, he preserved a claim that the conviction could not stand "when all elements of the crime were not submitted properly to the jury…." **Id.** at *6. Appellant's argument here actually appears to go to sufficiency as the jury was instructed on the "course of conduct" element.

act to support the corruption of minors.  But the second distinction settles any doubt on that point.  The **Baker-Myers** Court noted that the jury instructions were limited to the offenses charged:

> [C]ontrary to the Commonwealth's suggestion — based on a selective quotation from the transcript — that the trial court did not instruct the jury it was required to find [Baker-Myers] actually committed one or more of the charged sexual offenses, a review of the court's full instruction proves otherwise.  Notably, the trial court instructed the jury that it was required to find "any course of conduct in violation of Chapter 31, relating to **the other sexual offenses being rape, sexual assault, indecent assault**[.]"  In light of this clear instruction regarding the applicable predicate offenses, which was given in part at the prosecutor's request, we are unpersuaded by the Commonwealth's attempt to salvage [Baker-Myers]'s felony corruption of minors conviction.

**Id.** at 235 (citations omitted; emphasis in original).

In contrast, the trial judge here instructed the jury as follows with respect to that element of the offense:

> The second charge or second count as it pertains to [A.L.G.] is corruption of a minor.  … To find the defendant guilty of this offense, you must find that each of the following three elements has been proven beyond a reasonable doubt.
>
> ***
>
> And third, that the defendant engaged in the course of conduct that constituted the following sexual offenses under the crimes code of Pennsylvania.  And here it's alleged to be indecent assault and/or aggravated indecent assault.

N.T., 9/29/21, at 433-34.

To reiterate, the fact that the jury was explicitly instructed on an element of the offense would tend to suggest that this is not an illegality of sentencing claim and, as such, Appellant would have had to object to the jury

instructions. *See Commonwealth v. Smith*, 206 A.3d 551, 565 (Pa. Super. 2019) (expressing same point of view but assuming, *arguendo*, that a challenge to the validity of a conviction under this felony corruption of minors statute constituted a non-waivable challenge to the legality of the sentence).[5] Notwithstanding, accepting that we may review this claim despite a failure to challenge the adequacy of the instruction, we must address the fact that this instruction does reference two Chapter 31 offenses, one of which resulted in an acquittal.

As we have discussed at length *supra*, Appellant was alleged to have committed several instances of indecent assault. Therefore, the guilty verdict at one count is not incompatible with a finding that Appellant committed several acts of indecent assault. Indeed, the *Baker-Myers* Court stated, "this is not to say the Commonwealth must formally charge or obtain a conviction on the Chapter 31 offense or offenses serving as the predicate for the felony corruption of minors charge in order to sustain a conviction for corruption of minors." *Baker-Myers*, 255 A.3d at 234. This leaves open the possibility that the Commonwealth could charge one count of felony corruption of minors,

_____

[5] The *Smith* Court noted that we have "treated a similar challenge to the grading of an offense as raising a question as to the legality of the sentence, which is a non-waivable issue." *Smith*, 206 A.3d at 565 (citing *Commonwealth v. Popow*, 844 A.2d 13, 16 (Pa. Super. 2004)). The statute analyzed in *Popow*, unlike the statue here, does not separately codify the "course of conduct" as a distinct crime. By submitting the actual element to the jury, the Sixth Amendment concerns would seem to be eliminated because the jury was, in fact, instructed to find the element. Accordingly, any question of whether that instruction was sufficient would arguably have to be preserved via objection.

without charging **any** other Chapter 31 offense. Here, the Commonwealth charged one count of indecent assault, and one count of aggravated indecent assault. While the jury acquitted on the latter charge, it convicted on the former. Because the former offense was not limited to one discrete incident, we find that **Baker-Myers** is distinguishable.[6]

> Turning to S.G., the jury was instructed as follows:
>
> In … the fourth charge for your consideration as it pertains to [S.G.] is corruption of a minor. To find the defendant guilty of this offense you must find that each of the following three elements has been proven beyond a reasonable doubt.
>
> ***
>
> And third, that the defendant engaged in a course of conduct that constituted the following sexual offenses under the crimes code of Pennsylvania. And it's alleged to be indecent assault. And that by that conduct, the defendant corrupted or tended to corrupt the morals of [a] minor.

N.T., 9/29/21, at 432.

The underlying crime of indecent assault referenced in the jury instruction is, unlike the corruption of minors charge, by default graded as a misdemeanor of the first degree subject to several exceptions. One of these is the commission of a course of conduct. Recall that, at count two, Appellant was charged with a violation of 18 Pa.C.S. § 3126(a)(7), which criminalizes "indecent contact … for the purpose of arousing sexual desire in the person or the complainant and … the complainant is less than 13 years of age[.]" Per the statute, that offense is graded as follows:

_____

[6] The charges in **Baker-Myers** arose from a single incident.

**(b) Grading.--**Indecent assault shall be graded as follows:

\*\*\*

(3) An offense under subsection (a)(7) is a misdemeanor of the first degree unless any of the following apply, in which case it is a felony of the third degree:

(i) It is a second or subsequent offense.

**(ii) There has been a course of conduct of indecent assault by the person.**

(iii) The indecent assault was committed by touching the complainant's sexual or intimate parts with sexual or intimate parts of the person.

(iv) The indecent assault is committed by touching the person's sexual or intimate parts with the complainant's sexual or intimate parts.

18 Pa.C.S. § 3126 (emphasis added).

The jury was separately instructed on the charge of indecent assault that it would have to find a course of conduct and, consistent with the grading portion of the statute, asked to render a special finding on that point:

If you find that these elements [of indecent assault] have been proven beyond a reasonable doubt you should find that the defendant [is] guilty. If you do so find, you should indicate on the verdict form whether you also find the following elements proven beyond a reasonable doubt. That there has been a course of conduct of indecent assault by the person.

A course of conduct means a pattern of actions composed of more than one act over a period of time however short, evidencing a continuity of conduct.

N.T., 9/29/21, at 430.

Thus, the jury found that Appellant was guilty of committing a course of conduct, *i.e.*, he committed multiple violations of indecent assault upon S.G. while she was under thirteen years of age. Thus, even though we would find

pursuant to the foregoing analysis that the charge was properly graded as a felony of the third degree, the fact that the jury found Appellant guilty of a continuing course of conduct independently supports a conclusion that the conviction was properly graded as a felony of the third degree.[7] We therefore find that Appellant has failed to establish that his sentence at either information is illegal.

Judgment of sentence affirmed.


Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary


Date: 10/23/2023

---

[7] We do not suggest that the conviction at that count had preclusive effect, but, rather, that there clearly existed a basis for the jury to again separately find a "course of conduct" for purposes of the corruption of minors charge.